[Crim. No. 5766. In Bank. Nov. 29, 1955.]

THE PEOPLE, Appellant, v. MAXINE ANN BOYLES,
Respondent.

Alan Ross for Respondent.

A. L. Wirin and Fred Okrand as Amici Curiae on behalf of Respondent.

TRAYNOR, J.—By information defendant was charged with one count of possessing heroin in violation of Health and Safety Code, section 11500, a felony. Her motion to set the information aside (see Pen. Code, § 995) was granted on the ground that all of the evidence of the crime other than admissions was obtained by an illegal search of her person in violation of her constitutional rights. The People appeal.

At about 10 a. m. on May 2, 1955, three officers of the Los Angeles Police Department obtained the key to a hotel room from the manager of the hotel and entered the room and waited. About 11 a. m. defendant knocked on the door or made some signal. The officers opened the door and one of them grabbed defendant's hands and found two bindles of heroin in her right hand. One of the officers testified that he asked defendant "if she had any more stuff. She said no. That is all there was. I asked her how much was there and she said a gram and a half. I asked her where she got it and she said she scored it from a friend down on Second Street. I asked her what it cost her. She said $30." He also testified that he believed a felony was being committed at the time of the arrest. The prosecuting attorney then asked what reason he had for his belief, and defendant objected on the ground that the answer would be hearsay and a conclusion of the witness. The prosecuting attorney stated that he had a right to show that the arrest was legal and that the search was incident to the arrest, but the court indicated that since the officer had made a positive statement as to his belief, any question as to its validity should come from cross-examination. On cross-examination the officer was asked, "You personally did not witness any activity of this defendant with regard to narcotics before the date of this arrest, did you?" He answered, "I did not." No further questions with respect to the basis of his belief were asked. It does not appear from the record who was the regular occupant of the hotel room where the officers waited. They did not have a search warrant or a warrant for defendant's arrest.

It should be noted at the outset that whether or not the officers were trespassers in the room where they waited for defendant is immaterial in this case. It does not appear that the room was searched, and even if it was, nothing that may have been found in the room was offered or introduced in evidence. It is apparent that the officers were waiting and watching for someone to enter the room. Since they had the cooperation of the manager of the hotel, however, any such person could have been apprehended just as well from some other vantage point nearby without committing any trespass, and thus their ability to arrest and search defendant was not dependent on their presence in the room. Under these circumstances, the trespass, if any, was entirely unrelated and collateral to the securing of the evidence to which defendant objects, and it could not therefore render

that evidence inadmissible. (*Goldman* v. *United States,* 316 U.S. 129, 134-135 [62 S.Ct. 993, 86 L.Ed. 1322]; see also *United States* v. *Mitchell,* 322 U.S. 65, 70-71 [64 S.Ct. 896, 88 L.Ed. 1140]; *McGuire* v. *United States,* 273 U.S. 95, 99-100 [47 S.Ct. 259, 71 L.Ed. 556]; *United States* v. *Lee,* 274 U.S. 559, 563 [47 S.Ct. 746, 71 L.Ed. 1202].)

The attorney general contends that the search in this case was incidental to a lawful arrest and was therefore reasonable Defendant, on the other hand, contends that the search preceded the arrest and was not incidental thereto and that in any event the arrest was unlawful.

▮ In *People* v. *Brown, ante,* p. 640 [290 P.2d 528], we held that a search incident to an arrest could not be justified in the absence of "reasonable cause" under Penal Code, section 836, merely because it revealed that defendant was in fact guilty of a felony. ▮ We also held in that case that an arrest could not be justified under subdivision 1 of section 836 when there was no evidence of anything apparent to the officer's senses before the arrest and search that defendant was committing or attempting to commit a public offense in his presence. ▮ Accordingly, since there was no such evidence in this case, the search may be justified only if it was incidental to a lawful arrest under subdivision 3 of section 836. ▮ If, however, an arrest under that subdivision was lawful, the search incident thereto would not be unlawful merely because it preceded rather than followed the arrest. (*People* v. *Simon, ante,* p. 645 [290 P.2d 531].)

▮ Section 836, subdivision 3, provides that an officer may make an arrest without a warrant "When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

Defendant contends that to justify a search incident to an arrest under this subdivision there must be evidence, other than any turned up in the search, that a felony has in fact been committed. Such evidence is present in any case in which the officer has reasonable cause to believe defendant guilty of a felony. When his belief of defendant's guilt is based on reasonable cause and a felony has in fact been committed, not only are the requirements of subdivision 3 satisfied, but a search incident to an arrest thereunder is reasonable. (See *United States* v. *Di Re,* 332 U.S. 581, 591 [68 S.Ct. 222, 92 L.Ed 210]; *Johnson* v. *United States,* 333 U.S. 10, 15 [68 S.Ct. 367, 92 L.Ed. 436]; *In re Dixon,* 41

Cal.2d 756, 761-762 [264 P.2d 513]; *cf.*, *People* v. *Brown*, *ante*, p. 640 [290 P.2d 528].)

 In the present case one of the arresting officers testified that he believed a felony was being committed at the time of the arrest. Since the court and not the officer must make the determination whether the officer's belief is based upon reasonable cause, the officer must testify to the facts or information known to him on which his belief is based. (*United States* v. *Bianco*, 189 F.2d 716, 719; *United States* v. *Heitner*, 149 F.2d 105, 106-107; see also *Grau* v. *United States*, 287 U.S. 124, 127 [53 S.Ct. 38, 77 L.Ed. 212]; *Byars* v. *United States*, 273 U.S. 28, 29 [47 S.Ct. 248, 71 L.Ed. 520]; *People* v. *Tarantino*, *ante*, p. 590 [290 P.2d 505]; *Michel* v. *Smith*, 188 Cal. 199, 206 [205 P. 113].) Under the peculiar circumstances of this case, however, defendant is not in a position to challenge the failure of the record to establish the basis for the officer's belief. When the prosecuting attorney sought to establish that basis, defendant objected and the committing magistrate ruled that the matter should be gone into on cross-examination. At that time defendant limited the examination to a determination that the officer had not personally witnessed any activity of defendant with regard to narcotics. It is settled, however, that reasonable cause to justify an arrest may consist of information obtained from others and is not limited to evidence that would be admissible at the trial on the issue of guilt. (*Brinegar* v. *United States*, 338 U.S. 160, 171-176 [69 S.Ct. 1302; 93 L.Ed. 1879]; *United States* v. *Li Fat Tong*, 152 F.2d 650, 652; *Aitken* v. *White*, 93 Cal.App.2d 134, 145 [208 P.2d 788]; *Cook* v. *Singer Sewing Machine Co.*, 138 Cal.App. 418, 422-423 [32 P.2d 430].) Thus in the present case it is entirely possible that the officer's belief that defendant had narcotics in her possession was fully justified by reliable information obtained by him from others in carrying out his duties. Since defendant successfully prevented the prosecution from presenting such evidence, if any, she cannot now contend that the evidence before the committing magistrate was necessarily illegally obtained and therefore insufficient to support the information.

The order is reversed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., Spence, J., and McComb, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.