[Crim. No. 5551. Second Dist., Div. One. Apr. 18, 1956.]

THE PEOPLE, Respondent, v. VALENTINE Q. RODRIGUEZ, Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), and James L. McCormick, Deputy Public Defender, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an amended information filed by the district attorney of Los Angeles County, defendant was accused of violating section 11500 of the State Health and Safety Code, in that he did unlawfully have in his possession a preparation of heroin. The amended information also charged a prior conviction of violating the aforesaid code section, a misdemeanor. Defendant pleaded not guilty and denied the prior conviction.

Trial by jury was waived and by stipulation, the case of the prosecution was submitted on the transcript of the testimony taken at the preliminary examination, both sides reserving the right to offer additional evidence, and subject to the reservation that defendant could object to the introduction into evidence of any testimony or exhibits contained in or referred to in the transcript of the preliminary hearing. Thereafter, the trial judge indicated for the record that he had read the entire transcript of the preliminary examination. The People then rested their case.

Defendant offered no evidence but interposed an objection to the introduction into evidence of People's Exhibit 1 (a quantity of heroin found on defendant's person). The objection was overruled and the evidence admitted. The court adjudged defendant guilty as charged and found the allegation of the prior conviction to be true. Motion for a new trial

was denied and defendant was committed to the California Youth Authority. From the judgment of conviction and the order denying his motion for a new trial defendant prosecutes this appeal.

The facts surrounding this prosecution are not in dispute and may be thus summarized:

On the morning of May 29, 1955, between 11 a. m. and 12 o'clock noon, Officers Clarence L. Barlow and E. E. Rice of the Los Angeles Police Department were on radio car duty in the vicinity of First Street and Grand Avenue, and also between Olive and Court Streets, in the city of Los Angeles. Defendant was observed by the officers in the vicinity of Olive and Court Streets, where he was standing and looking over an excavation. Defendant started to walk toward the officers, hesitated a moment, and then proceeded in the direction of the police car. Prior to this time the officers had received no information about him. One of the officers testified that defendant ". . . became nervous and so I got out of the car and as the defendant approached us I asked him if I couldn't talk to him for a moment. And during the conversation with the defendant I noticed that his eyes seemed to be pin-pointed and I asked the defendant if he wouldn't sit in the police car while we carried the conversation on and he said he would."

Before placing the defendant in their automobile, the officers gave him a quick "frisk" for weapons. They then drove to First Street and Grand Avenue, where a police call box was located, and "ran a warrant on the defendant. It came back clear. There was no warrant. We told the defendant he could go." As the latter was leaving the vehicle, Officer Barlow "noticed the newspaper sticking out of his (defendant's) left pants cuff." The officer ordered defendant to stop and took the newspaper from the pants cuff. Three capsules (People's Exhibit 1) containing heroin were inside the newspaper. The paper was folded over on both sides and rolled. Not more than one inch in length of the paper was showing and approximately a quarter, three-eighths of an inch was sticking out of the cuff. The defendant was questioned about the capsules. He stated that he had purchased them about one-half hour prior to that from a colored fellow on Main Street.

Officer Earl E. Rice, a Los Angeles policeman, attached to Central Division, radio car, testified he had been attached to

Central Station about twenty-one months. That he had made about four narcotic arrests in that area. That the four arrests were made over a period of a year. That he was not working narcotics.

Overruling defense counsel's objection that no proper foundation was laid, the court permitted the officer to testify that "[i]t is an area that we have known users and pushers of narcotics." On cross-examination, the officer testified defendant's "eyes were reddish and they seemed small to me. Like I say, I didn't give them a close examination."; that "I can't say whether every individual has a different size of pin-point in their eyes but they will vary between normal condition and under the influence of alcohol or narcotics."; that he had never seen defendant's eyes before to know what was normal.

The officer further testified that he did not recall if any of the persons he had arrested on Bunkerhill resided in that area. That his opinion of the area was based upon his own experience and what other officers had told him.

The sole ground urged for a reversal is that the court erred in admitting into evidence People's Exhibit 1, consisting of the three capsules of heroin, for the reason that such evidence was obtained in violation of the Fourth Amendment to the Constitution of the United States, and article I, section 19, of the Constitution of the State of California, guaranteeing to every person the right to be free of unreasonable searches and seizures; and was therefore, inadmissible under the exclusionary rule announced in *People* v. *Cahan*, 44 Cal.2d 434 [282 P.2d 905]. In support of this contention appellant urges that under the foregoing facts and circumstances, the officers had no reasonable or probable cause for arresting and searching him, while respondent contends that any search or seizure occurring when the officer removed the newspaper containing the three heroin capsules from appellant's pants cuff, was an incidental search based upon probable cause for arrest.

Penal Code, section 836, subdivision 3, provides that an officer may make an arrest without a warrant, "When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

▉ And, if an arrest under the subdivision just mentioned was lawful, the search incidental thereto would not be unlawful merely because it preceded rather than followed the arrest (*People* v. *Boyles*, 45 Cal.2d 652, 655 [290 P.2d 535]; *People* v. *Martin*, 45 Cal.2d 755, 761 [290 P.2d 855]).

■ The courts are in substantial agreement as to what constitutes reasonable cause or probable cause such as will justify one in arresting or prosecuting another upon a criminal charge. We consider as a clear and comprehensive statement of the rule, that announced in *People* v. *Kilvington,* 104 Cal. 86, 92 [37 P. 799, 43 Am.St.Rep. 73], as follows: " 'There must be such a state of facts . . . as would lead a man of ordinary care and prudence to believe, or entertain an honest and strong suspicion, that the person is guilty.' "

■ Applying this rule to the case now engaging our attention, we are persuaded that it must be held that the officers had reasonable cause to believe that a felony had been committed and that appellant was guilty thereof. The officers were patrolling a district reputed to be one frequented by "pushers," peddlers of narcotics, and users of narcotics. The mannerism of appellant attracted the attention of the officers; he appeared to be nervous. During the conversation with appellant, the officers noted that his eyes seemed "pin pointed and reddish" akin to one "under the influence of alcohol or narcotics." As appellant alighted from the police car, the officers observed a piece of newspaper protruding from appellant's left pants cuff, wrapped in such a way as to resemble, in the officers' opinion, a bindle of narcotics. When all of the foregoing facts and circumstances are considered together, they impress us as authorizing a lawful detention of appellant based upon "reasonable cause," and the search, as an incident to that arrest, was therefore reasonable and justified the admission of the evidence obtained as a result of the search. We have examined the cases of *People* v. *Simon,* 45 Cal.2d 645 [290 P.2d 531], and *People* v. *Brown,* 45 Cal.2d 640 [290 P.2d 528], relied upon by appellant, but find them easily distinguishable from the factual situation presented in the instant case.

For the foregoing reasons, the judgment and the order denying defendant's motion for a new trial are, and each is affirmed.

Doran, J., and Fourt, J., concurred.