[Crim. No. 3220. First Dist., Div. Two. June 19, 1956.]

THE PEOPLE, Respondent, v. VERTRIC EDWARDS,
Appellant.

Vertric Edwards, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Arlo E. Smith, Deputy Attorney General, and Thomas C. Lynch, District Attorney (San Francisco), for Respondent.

KAUFMAN, J.—This is an appeal from a judgment of conviction on a charge of violating section 11500 of the Health and Safety Code, possession of heroin. Defendant waived jury trial.

On the evening of October 12, 1955, at approximately 9 p. m., Officers Shannon and Brazil of the San Francisco Police Department were conducting a narcotics investigation in Room 112 of the Congress Hotel on Fillmore Street. In the room at the time were two other persons, Edward Heide and Georgia Brown. The officers heard someone knocking at the door. Officer Shannon opened it and he and Officer Brazil saw appellant Edwards in front of the door, and another person, Frank Robinson immediately behind him. When Brazil stepped into the doorway Robinson ran down the hall, and Edwards took a half turn and started to run, but Brazil seized his wrists.

As the officer caught appellant, he saw him drop a bindle from his left hand. It fell to the floor near his feet and the officer subsequently picked it up. Tests proved that it was heroin. Brazil testified that he did not have a search warrant at any time.

Appellant told Brazil that he had brought the bindle into the hotel with him and that he had had it for some time. Appellant admitted a prior narcotics conviction. He did not testify in his own behalf.

Appellant contends that the search of his person was improper since it preceded his arrest, and cannot be justified by what it turned up, citing *People* v. *Brown*, 45 Cal.2d 640 [290 P.2d 528]. His counsel moved to strike all of the evidence on the ground that it had been illegally obtained, but the motion was denied. In the Brown case on which appellant relies the officers observed defendant at about 7:30 p. m. walking across the street with one hand clenched in a fist. They approached her from behind, one officer grabbing one of her wrists, the other officer the other. They identified themselves and asked to see what was in her hand. She refused. They did not inform her that she was under arrest, but took from her hand a rubber container which was subsequently proved to contain heroin. The People there contended that if the arrest was lawful, the search was reasonable, but the court held that there was nothing apparent to the officers' senses before the arrest to indicate that defendant was committing or attempting to commit a public offense. The case differs from the present one in that the defendant therein

was walking on a public street, whereas here appellant at night sought entry to a hotel room where a narcotics investigation was in progress. In the Brown case the officers seized defendant from behind before she knew of their presence, whereas here upon sight of the officers in the hotel room, appellant instantly attempted flight. In the Brown case there was nothing apparent to the officers' senses to indicate that a felony was being committed. In the present case we have the facts that appellant was attempting to visit a hotel room at night where the occupants were undergoing a narcotics investigation and the hasty flight of appellant and his companion at sight of the officers. It is clear that these circumstances were sufficient to induce a reasonable belief that appellant and his companion were engaged in the narcotics traffic. Furthermore, here the appellant voluntarily dropped the bindle of heroin to the floor. Hence there is no question of any illegal search involved. After appellant's attempted flight the officer was entitled to pick up the bindle from the floor as part of his police investigation.

 It is said in the recent case of *People* v. *Rodrigues,* 140 Cal.App.2d 865, 869 [296 P.2d 38], that "the courts are in substantial agreement as to what constitutes reasonable cause or probable cause such as will justify one in arresting or prosecuting another upon a criminal charge," quoting with approval the rule stated in *People* v. *Kilvington,* 104 Cal. 86, 92 [37 P. 799, 43 Am.St.Rep. 73], "There must be such a state of facts . . . as would lead a man of ordinary care and prudence to believe, or entertain an honest and strong suspicion, that the person is guilty." In the Rodrigues case the officers observed defendant in a district known to be frequented by narcotics peddlers and users. They were attracted by his nervous mannerisms, and when they talked to him he appeared to be under the influence of alcohol or narcotics. Later they noticed a paper resembling a bindle protruding from a cuff of his pants. The arrest was held to be based upon reasonable cause, and the search incidental thereto, legal. While in the case now before the court, the officer did not see the bindle until he had forcibly detained appellant from his flight, it is clear that the circumstances here were sufficient to give rise to a reasonable belief that appellant was carrying narcotics on his person.

The case of *People* v. *Simon,* 45 Cal.2d 645 [290 P.2d 531], is distinguishable, in that there the officer stopped two young men who were walking in a warehouse district at about 10:40

p. m. One of the men carried a bottle, and the officer stopped both men and searched them, believing that the one carrying the bottle of liquor was a minor. He proved to be a minor but defendant who was over 21 years of age had no bottle. The officer, however, thought that defendant looked younger than his companion. In the course of the search he found a marijuana cigarette in defendant's pocket. The court held that the search could not be justified on the ground that the officer "didn't feel" that such a person had any lawful business in that area at night.

In *People* v. *Boyles,* 45 Cal.2d 652 [290 P.2d 535], relied upon by appellant, the officers were watching in a hotel room, and when defendant knocked at the door, they seized her hands and took two bindles from one hand. Defendant's motion to set aside the information was granted on the ground that the evidence had been illegally obtained, but this order was reversed on appeal since defendant had prevented the officer from testifying to facts which might have established reasonable cause for believing a felony was being committed by defendant.

Appellant in his brief contends that the officer illegally seized appellant and forced him to drop the bindle by twisting his wrists, that he had his hands in his pockets and brought them out as fast as possible when the officer jumped him, but there is no such testimony in the record. Appellant did not testify, hence the only testimony is the officer's to the effect that he seized appellant by the wrists as he turned to flee, and that appellant then dropped the bindle on the floor.

In the case of *Badillo* v. *Superior Court,* 46 Cal.2d 269 [294 P.2d 23], where it was held that the evidence was illegally obtained, defendant ran out of the house and threw away a package of heroin which was retrieved by a narcotics agent. It was held that defendant's flight was the direct result of the officer's illegal entry which was made by breaking into the house without a search warrant. In the instant case no prima facie case of an illegal entry by the officers was made out by appellant, whereas in the Badillo case an illegal entry was shown, thus placing the burden on the officers to establish that they had reasonable cause to break and enter to make the arrest.

The attorney general argues that there was in reality no search either actual or constructive, involved in this case, and that when contraband is observed by an officer in a public place and seized, it is legally obtained evidence, citing *People* v.

*Exum,* 382 Del. 204 [47 N.E.2d 56]; *People* v. *Smith,* 315 Ill. App. 671 [43 N.E.2d 420]; *State* v. *Hawkins,* 362 Mo. 152 [240 S.W.2d 688]; *McDonald* v. *United States,* 166 F.2d 957. These cases all hold that "search" connotes an uncovering of that which is hidden, a prying into hidden places for that which is concealed. Some of the above cases involved the observation by police of stolen or contraband articles in plain view of the officers. However, in *People* v. *Smith, supra,* an open knife which was lying on the floor after the police scuffled with defendant whom they were attempting to arrest was held to be properly introduced in evidence, as being merely incidental to the arrest and it was held that no search had been involved.

There can be no question but that under the circumstances herein there was reasonable cause for a police investigation of appellant and his companion. In the recent case of *People* v. *Martin,* 46 Cal.2d 106 [293 P.2d 52], it was said that there was reasonable cause for a police investigation when two men were seen in a parked automobile on a lover's lane at night. When they fled at sight of the patrol car, the officers could reasonably conclude that they were guilty of some crime, which made an investigation not only reasonable but necessary. It was said that "under these circumstances the officers were justified in taking precautionary measures to assure their own safety on overtaking the suspects, and it was therefore reasonable for them to order the suspects to put their hands in front of them and to get out of the automobile to be searched for weapons before being questioned." The bag of narcotics was disclosed when the suspects removed their hands, and the officer was justified in taking the bag, for he had reasonable cause to conclude that its possession had prompted their flight.

In the present case, it may also be said that the officer upon overtaking appellant, could take the reasonable precaution of protecting himself by laying hold of appellant's wrists, so as to forestall attack. If appellant because of the application of this necessary and reasonable force decided to hastily dispose of the bindle of narcotics or if he accidentally exposed it in his confusion, the officer had the right to take it and it may be considered as legally obtained evidence.

No prejudicial error appearing in the record before us the judgment must be affirmed.

Judgment affirmed.

Nourse, P. J., and Dooling, J., concurred.