[Crim. No. 6767.   Second Dist., Div. Three.   Jan. 27, 1960.]

THE PEOPLE, Respondent, v. MELVIN L. HART, Appellant.

Harry E. Weiss for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—Melvin L. Hart appeals from a judgment in a nonjury trial convicting him of the unlawful possession of heroin. He was sentenced to state prison. The sole point on the appeal is that the arrest of defendant and the search which resulted in the recovery of narcotics were unreasonable and without probable cause. There is no merit in this contention.

There was evidence of the following facts: At about 1 a. m. Police Officers Gingros and Leland with other officers, having been alerted to a possible robbery, went to a motel on South Figueroa in Los Angeles in order to make an investigation. Approaching from both front and rear the officers observed defendant seated upon an upper terrace at the top of an outside stairway and close to Apartment No. 9. From his position defendant could observe all persons entering the motel. Upon observing the officers defendant stood up, moved away from the chair in which he had been sitting, placed his hand in a pocket, upon removing it dropped an object to the floor of the terrace and called out toward Apartment No. 9, 'Watch it, Fred. Fred, watch it.'' Upon orders of the officers defendant came down the stairway with his hands up. The officers handcuffed him, went up the stairway, and at the point where defendant had dropped the package, recovered a piece of paper containing four balloons, one of which contained seven smaller balloons. These were retained by the officers, were submitted for analysis and were found to contain heroin. The landlady of the motel opened the

door of Apartment No. 9, which the officers entered and searched. They recovered narcotic equipment and more heroin. Two occupants of the room were arrested. Although the articles found in the room were received in evidence we need not be concerned with the question whether there was sufficient proof that defendant had possession of the same. There was ample evidence that he had possession of the heroin which was contained in the package he dropped on the terrace. Defendant took the stand and denied having dropped the package and all knowledge of the presence of narcotics on the premises. He explained that he had rented Apartment No. 9 for only 24 hours. A few days before his wife had cut him and messed him up; she was leaving him for better or for worse to re-engage in prostitution; the man and the woman who were found in the room were friends who were there with his permission.

In their investigation of a possible robbery, interrogation of defendant was in the line of the duty of the officers. (*People* v. *Martin*, 46 Cal.2d 106 [293 P.2d 52]; *People* v. *Blodgett*, 46 Cal.2d 114 [293 P.2d 57].)

Upon seeing defendant drop the package to the floor and hearing him call out a warning to Fred of their presence, the officers had reasonable grounds for believing that defendant was attempting to hide and dispose of narcotics. No doubt they were well-advised that persons about to be apprehended in the possession of narcotics endeavor to dispose of them by dropping them to the ground, throwing them away, flushing them down a toilet or otherwise disposing of them. They exercised good judgment in placing defendant under arrest and in handcuffing him while they went up the stairs and retrieved the package which he had dropped to the floor. (*People* v. *Edwards*, 142 Cal.App.2d 419 [298 P.2d 664]; *People* v. *Martin, supra,* 46 Cal.2d 106.)

The contents of the package retrieved by the officers was received in evidence without objection by the defendant. This fact alone would furnish a sufficient reason for rejecting the claim of error. The failure to object was a waiver of the right to raise the point on appeal. (*People* v. *Kelsey,* 140 Cal.App.2d 722 [295 P.2d 462].)

The notice of appeal states that the appeal is from the judgment and sentence. This is only an appeal from the judgment.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.