203 Cal.App.2d 552 (1962)
21 Cal. Rptr. 692
THE PEOPLE, Plaintiff and Respondent,
v.
ARLEN HENRY WALKER, Defendant and Appellant.
Docket No. 1805.
Court of Appeals of California, Fourth District.
May 15, 1962.
*553 Peter J. Hughes, under appointment by the District Court of Appeal, for Defendant and Appellant.
Stanley Mosk, Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.
COUGHLIN, J.
The defendant, appellant herein, was charged with possession of marijuana, a violation of section *554 11530 of the Health and Safety Code; waived a jury trial; submitted his case, by stipulation of all parties, upon the evidence introduced at his preliminary hearing; was found guilty; was sentenced to imprisonment in the state prison; and appeals from the judgment so entered upon the sole ground that his conviction is not supported by legal evidence, in that the only proof thereof was a marijuana cigarette taken from his person without a search warrant and in violation of the constitutional prohibition against unlawful search and seizure. (People v. Cahan, 44 Cal.2d 434 [282 P.2d 905, 50 A.L.R.2d 513].)
On the night of March 23, 1961, an automobile driven by the defendant collided with another automobile parked adjacent to the curbing of a street. This accident followed an erratic course of driving involving near collisions with three other automobiles, the running of a stop sign, and going from one side of the road to the other. After the collision the defendant stopped; alighted from his car; and went to the rear of the car that had been struck. Following a call to the police, a traffic officer assigned to the accident investigation bureau arrived at the scene within three to five minutes; was told by others what had happened; talked to the defendant; gave the latter some sobriety tests; concluded that he was under the influence of alcohol; asked to see his driver's license, which the defendant did not have in his possession; and arrested him for driving while under the influence of alcohol, and for driving without an operator's license. The defendant stated that he was not intoxicated, claiming to have had only "a couple of beers." Thereupon, he was taken to the county hospital for a blood-alcohol test; while there asked the officer for a cigarette; was told that he could not smoke where they were; reached into his shirt pocket; pulled out a brown hand-rolled cigarette; looked at it and put it back in his pocket. The officer testified that the cigarette "was of what I commonly think of as a marijuana type"; that he "thought it might be marijuana"; and that he immediately reached into the defendant's pocket and took it away from him. The evidence establishes that the filling in the cigarette was marijuana.
At the preliminary hearing the defendant objected to the introduction of the cigarette taken from him on the ground that it had been obtained through an unlawful search and seizure; after the information was filed against him in the superior court he moved for a dismissal under the provisions of section 995 of the Penal Code, urging the illegality of the evidence upon the same grounds; and following denial of this *555 motion, at the time of trial, objected to its consideration for the same reason.
It is conceded that the officer who made the arrest did not have a warrant to do so, nor did he have a warrant to search the defendant or to seize the cigarette from the latter's pocket.
In support of the judgment of conviction, the plaintiff, respondent herein, contends that the cigarette was taken from the defendant as an incident to a lawful arrest and that, for this reason, a warrant to make a search and seizure was not necessary.
[1] Without detailing the evidence in the premises, the record establishes that the officer had probable cause to believe that the defendant had committed the offense of driving while under the influence of intoxicating liquor and of driving without an operator's license in his possession. However, the question for determination is whether he was authorized to arrest the defendant therefor without a warrant, even though probable cause for making the arrest existed. Both of these offenses were misdemeanors (Veh. Code, §§ 23102, 12951 and 40000]; in both an essential element is the act of driving an automobile[1]; and the arrest for both occurred at night. Under these circumstances a lawful arrest without a warrant was permissible only if the offense had been committed in the presence of the arresting officer. (Pen. Code, §§ 836, 840.) The officer testified that he did not see the defendant driving the subject automobile; he arrived at the scene of the accident several minutes after it had occurred; the defendant was standing in the highway; and it is obvious that neither of the offenses for which the arrest was made occurred in his presence. Clearly the arrest was unlawful.[2] The rule that a search and seizure without a warrant is lawful if made as an incident to a lawful arrest has no application to the facts at bar.
The plaintiff further contends that the evidence is admissible even though the foregoing rule is inapplicable, because the disclosure of the cigarette upon the person of the defendant did not result from a search, and its seizure was justified upon the ground that the officer had reasonable cause to *556 believe that the defendant then was committing an offense, i.e., possessing marijuana. [2] To observe that which is in plain sight does not constitute a search. (People v. Martin, 45 Cal.2d 755, 762 [290 P.2d 855]; People v. Ellsworth, 190 Cal. App.2d 844, 846 [12 Cal. Rptr. 433]; People v. Linden, 185 Cal. App.2d 752, 757 [8 Cal. Rptr. 640]; People v. Roberts, 182 Cal. App.2d 431, 434 [6 Cal. Rptr. 161]; People v. West, 144 Cal. App.2d 214, 219 [300 P.2d 729]; People v. Edwards, 142 Cal. App.2d 419, 421 [298 P.2d 664]; People v. Jaurequi, 142 Cal. App.2d 555, 561 [298 P.2d 896].) The cigarette in question was not discovered as the result of a search.
However, the defendant counters with the contention that the disclosure of his possession of marijuana, and its subsequent seizure, occurred while he was in custody under an unlawful arrest and shares the unlawful character of that arrest, which renders the evidence in question inadmissible. [3] Where evidence is obtained from a defendant as a "direct result" of an unlawful arrest it is obtained in violation of the constitutional guarantees against unreasonable search and seizure. (Badillo v. Superior Court, 46 Cal.2d 269, 273 [294 P.2d 23].) Other statements of this rule identify the objectionable evidence as that which is the "immediate product" of the unlawful arrest (People v. Macias, 180 Cal. App.2d 193, 198 [4 Cal. Rptr. 256]); the "product of the illegal acts of the officers" (Gascon v. Superior Court, 169 Cal. App.2d 356, 359 [337 P.2d 201]), or the "fruits of such unlawful conduct" (Walder v. United States, 347 U.S. 62, 65 [74 S.Ct. 354, 98 L.Ed. 503].) In each of the cases cited in support of the defendant's contention, the unlawful arrest constituted coercive action as a result of which the person arrested disclosed his possession of contraband. [4a] In the case at bar the disclosure was not related to the defendant's arrest; did not result from either "physical or psychological" coercion (United States v. Dixon, 117 F. Supp. 925, 927); was not made because of any belief that he would be searched and the cigarette found upon him; but was wholly voluntary, being prompted solely by his desire to smoke. The fact that the defendant was in custody and for this reason in the presence of the officer at the time he took the cigarette from his pocket is a coincidence of no legal consequence. An equally pertinent legal situation would have been presented if the defendant had produced the cigarette when, prior to his arrest, he was being interrogated with respect to the accident in which he had been involved. Under the latter circumstances *557 evidence of the disclosure would not have been inadmissible upon the ground that it was the result of an unlawful search. (People v. Ellsworth, supra, 190 Cal. App.2d 844, 846.) [5] In People v. Ball, 162 Cal. App.2d 465, 467 [328 P.2d 276], the court said:
"We know of no rule by which a valid search, justifiable without reference to an arrest, is voided by the unlawfulness of an arrest upon which the search does not depend." (In accord: People v. Shafer, 183 Cal. App.2d 127, 130 [6 Cal. Rptr. 594]; People v. Ransome, 180 Cal. App.2d 140, 146 [4 Cal. Rptr. 347]; People v. Murphy, 173 Cal. App.2d 367, 379 [343 P.2d 273]; People v. Jackson, 164 Cal. App.2d 759, 762 [331 P.2d 63].)
[4b] We conclude that the disclosure in question was not the product of the defendant's illegal arrest.
The remaining question for determination is whether the evidence is sufficient to support a finding that the officer had probable cause to believe that the defendant then was in possession of marijuana, which would constitute the commission of an offense in his presence, and authorized his seizure of the subject cigarette.
In a situation such as that presented in the instant case, probable cause has been said to exist if the "facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed" (Henry v. United States, 361 U.S. 98, 102 [80 S.Ct. 168, 171, 4 L.Ed.2d 134, 138]; if there is "such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime" (People v. Ingle, 53 Cal.2d 407, 412 [2 Cal. Rptr. 14, 348 P.2d 577]); or where the showing is one "having more evidence for than against; supported by evidence which inclines the mind to believe, but leaves some room for doubt" (People v. Ingle, supra, 53 Cal.2d 407, 413).
The issue of its existence must be determined by the trial court (People v. Fischer, 49 Cal.2d 442, 446 [317 P.2d 967]; People v. Boyles, 45 Cal.2d 652, 656 [290 P.2d 535]; People v. Carella, 191 Cal. App.2d 115, 129 [12 Cal. Rptr. 446]); the determination thereof must be based on the facts as they appeared to the officer acting in response thereto (People v. Ingle, supra, 53 Cal.2d 407, 414; People v. Ellsworth, supra, 190 Cal. App.2d 844, 847; People v. Evans, 175 Cal. App.2d 274, 276 [345 P.2d 947]; People v. Wiley, 162 Cal. App.2d 836, 838 [328 P.2d 823]); and the weight to be given the *558 evidence in making such determination is a matter committed to the discretion of that court (People v. Carella, supra, 191 Cal. App.2d 115, 131; Lorenzen v. Superior Court, 150 Cal. App.2d 506, 511 [310 P.2d 180]), although the question is one of law where the facts are not in dispute. (People v. Brite, 9 Cal.2d 666, 687 [72 P.2d 122].)
[6a] The evidence before us supports an implied finding by the trial court that, in the light of the officer's knowledge of the abnormal condition of the defendant's nervous system and his denial that he was intoxicated, it was reasonable to conclude that the object in the defendant's possession, having the appearance of a marijuana cigarette, in truth was a marijuana cigarette. In describing the type of cigarette which the defendant drew from his pocket, the officer undoubtedly was referring to the fact that it was hand-rolled in brown paper. It is a matter of common knowledge that marijuana is used in this fashion. The present-day use of hand-rolled tobacco cigarettes in urban areas, at most, is very limited. [7] Reasonable grounds for believing a package contains contraband may be adequately afforded by its shape, its design, and the manner in which it is carried. (Henry v. United States, supra, 361 U.S. 98, 103, 104 [80 S.Ct. 168, 172, 4 L.Ed.2d 134].) In People v. Spicer, 163 Cal. App.2d 678, 684 [329 P.2d 917], it was held that the dropping of a "`homemade' cigarette" by the accused, and an attempt to flee, furnished reasonable grounds for believing that he was in possession of marijuana. [6b] Our decision is not placed upon the sole fact that the cigarette in question was of the type usually used for smoking marijuana, but also upon the defendant's abnormal condition which caused the officer in the first instance to believe that he was intoxicated, and the defendant's denial of such intoxication. All of these facts were known to the officer, and the trial court was entitled to assume that he relied upon all of them in concluding that he believed the cigarette in question contained marijuana.
[8] Although the issue of probable cause must be decided upon the particular facts and circumstances in each case (People v. Ingle, supra, 53 Cal.2d 407, 412), a substantial similarity between the facts and circumstances in the instant case and those in other cases which have sustained a finding of probable cause qualify the latter as authority in support of the decision under review. (See People v. Blodgett, 46 Cal.2d 114 [293 P.2d 57]; People v. Martin, supra, 45 Cal.2d 755; People v. Anders, 167 Cal. App.2d 65, 67 [333 P.2d 854]; *559 People v. Spicer, supra, 163 Cal. App.2d 678, 684; People v. Edwards, supra, 142 Cal. App.2d 419, 420-421, 423; People v. Rodriguez, 140 Cal. App.2d 865, 869 [296 P.2d 38].)
The judgment is affirmed.
Shepard, Acting P.J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied July 11, 1962. Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.
NOTES
[1] Section 23102 of the Vehicle Code declares that: "It is unlawful for any person who is under the influence of intoxicating liquor ... to drive a vehicle upon any highway," and section 12951 requires that a "licensee shall have the license issued to him in his immediate possession at all times when driving a motor vehicle upon a highway...." (Italics ours.)
[2] At the time in question the provisions of Penal Code section 647, which now declare that a person who is found in any public place under the influence of intoxicating liquor is guilty of disorderly conduct, a misdemeanor, had not been adopted.