[Crim. No. 1709. Fourth Dist. Aug. 1, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ARTHUR ESPINOZA REYES et al., Defendants and Appellants.

Lloyd S. Verry, Maurice Harwick and Harold J. Ackerman for Defendants and Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and N. Gregory Taylor, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendants were charged with, convicted by a jury of, and sentenced to imprisonment in the state prison for the offense of possession of heroin, viz., a vio-

lation of section 11500 of the Health and Safety Code; moved for a new trial, which was denied; and appeal from the judgment and the order denying their motion. An order denying a motion for a new trial in a criminal case no longer is appealable, and the purported appeal therefrom should be dismissed. (Pen. Code, § 1237, as amended by Stats. 1961, ch. 850, p. 2229, § 5.)

The defendant Arthur Espinoza Reyes also was charged with a prior conviction under section 11500 of the Health and Safety Code, viz., possession of marijuana, as to which he entered a formal denial.

Four alleged errors are urged as grounds for reversal, viz., (1) the admission of testimony obtained through an unlawful search and seizure; (2) submitting to the jury the issue of probable cause in connection with the admission of such evidence; (3) failure to instruct on the court's own motion that the oral admissions of a defendant should be viewed with caution; and (4) inclusion in the judgment of a finding that the defendant Arthur Reyes previously had been convicted of a felony, as alleged in the information filed against him, when no verdict was returned with respect thereto.

The defendants contend that they were arrested without a warrant or probable cause; that a search and seizure made as an incident to this arrest was unlawful; that evidence obtained as a result thereof was inadmissible; and that the court erred in overruling their objections thereto.

A hearing upon these objections, including the appurtenant factual issue of want of probable cause, was conducted before the court outside the presence of the jury; consumed two days; and resulted in an order overruling the objections, including an implied finding that probable cause existed. The defendants claim that the finding in question is not sustained by the evidence.

 What constitutes probable cause depends upon the facts and circumstances in each case, but generally has been defined to be "such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." (*People* v. *Ingle,* 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577]; *People* v. *Walker,* 203 Cal. App.2d 552, 557 [21 Cal.Rptr. 692]; *People* v. *Carella,* 191 Cal.App.2d 115, 130 [12 Cal.Rptr. 446].)

 Under the oft-repeated rule, where the sufficiency of the evidence to sustain a finding is attacked on appeal, if there

is any substantial evidence, either contradicted or uncontradicted, including any inference reasonably deducible therefrom, which supports the finding, it will be affirmed. (*People* v. *Daugherty,* 40 Cal.2d 876, 885 [256 P.2d 911]; *People* v. *Newland,* 15 Cal.2d 678, 681 [105 P.2d 778].) The facts in this case will be stated accordingly.

A man named Castro was arrested when found in possession of heroin; told the officers that he wanted to cooperate with them; advised that he had been employed to make deliveries of heroin; upon inquiry, stated that he had made a delivery to the defendants approximately 20 days before; also stated that on his last visit to their residence they wanted him to get some procaine for them with which to cut the heroin theretofore delivered; drew a map of the place where the defendants lived; and accompanied the officers to that place, pointing it out to them. Police records were searched; disclosed that the defendant Arthur Reyes had "a conviction for a prior narcotic possession charge" and that both defendants had "records for narcotics"; and corroborated their place of residence as stated by Castro. A state narcotics agent told the officers that the defendants were two of the biggest narcotics dealers in the county. Thereafter, four officers went to the residence in question to make a further investigation. They did not intend to make an arrest. It reasonably may be inferred from the evidence that all of them shared the foregoing information. One of the officers went to the front door and knocked; in response to an inquiry from within as to who was there, he replied: "Police officer, I want to talk to you"; started toward a window where he saw the outline of a face, for the purpose of showing the person inside his credentials; saw and heard the person at the window turn and run; yelled "He is running for the toilet"; then returned to the front door; forced it open; and upon entry saw both defendants in the bathroom. Another officer had gone to the side and back of the house; looked into the windows thereof; heard the officer on the front porch yell; saw the defendants running into a room which previously he had identified as a bathroom because of the position of the windows therein; heard the toilet flush; forced open the back door of the house and entered; saw the defendants, fully clothed, standing over the toilet, which still was in a flushing cycle; observed a white or grayish brown powdery material on the floor about the toilet bowl, on the bowl, and on the seat thereof; also saw a broken container nearby on the floor which was of the type in which

heroin was carried by Castro when he was arrested; and scraped the powdery material from the floor onto a small piece of paper, which he preserved. Contemporaneously, the defendants were placed under arrest. At the trial, an expert testified that the material gathered up from the floor contained 3 per cent heroin.

In substance and summary, the evidence shows that the officers were informed that the defendants had purchased some heroin and had given an order for procaine with which to cut it; ascertained that they had a narcotics record; verified the residence information given them by their informant; received information from a responsible source that they were the biggest narcotics dealers in the county; went to their residence to make a further investigation; after knocking on the door thereof and identifying themselves, heard scurrying footsteps; saw two men rush to the back of the house toward the bathroom; heard the toilet flush, knowing that persons in unlawful possession of narcotics, when about to be caught, often dispose thereof by flushing the same into the sewer; and, under these circumstances, had probable cause to believe that a crime was being committed in their presence. (See *People* v. *Maddox*, 46 Cal.2d 301 [294 P.2d 6]; *People* v. *Ambrose*, 199 Cal.App.2d 846, 848-849 [19 Cal.Rptr. 102]; *People* v. *Carella*, *supra*, 191 Cal.App.2d 115, 130-131; *People* v. *Williams*, 175 Cal.App.2d 774, 775 [1 Cal.Rptr. 44]; *People* v. *Poole*, 174 Cal.App.2d 57, 60-61 [344 P.2d 30]; *People* v. *McMurray*, 171 Cal.App.2d 178, 185 [340 P.2d 335]; *People* v. *Amado*, 167 Cal.App.2d 345, 347 [334 P.2d 254].) The entry thereafter made to effect an arrest was authorized, and the search and seizure concurrently conducted as an incident to that arrest, under established principles, was lawful. (*People* v. *Hammond*, 54 Cal.2d 846, 853 [9 Cal.Rptr. 233, 357 P.2d 289]; *People* v. *Simon*, 45 Cal.2d 645, 648 [290 P.2d 531]; *People* v. *Walker*, *supra*, 203 Cal.App.2d 552, 557.)

''In this connection it should be pointed out that the weight to be accorded the information upon which the arresting officers acted in making the arrest was essentially for the trial court's determination in the exercise of a sound discretion.'' (*People* v. *Taylor*, 176 Cal.App.2d 46, 51 [1 Cal. Rptr. 86].)

The defendants, relying on the rule stated in *Willson* v. *Superior Court*, 46 Cal.2d 291, 294 [294 P.2d 36], and discussed in *People* v. *Dewson*, 150 Cal.App.2d 119, 127-129 [310 P.2d 162], contend that the sole basis for their arrest

was the information furnished by Castro; that he was not a reliable informer because the officers had no prior opportunity to test the reliability of information theretofore furnished by him; and that, for this reason, probable cause was not established as a matter of law. However, the factual basis for this contention is without support, as the officers acted on other information besides that furnished them by Castro, and did not enter the subject residence until occurrence of the incidents which followed the announcement of their presence.

In determining whether a crime is being committed in their presence, officers are entitled to rely upon information given them by an informer if other known facts justify the conclusion that reliance thereon is reasonable. (*Willson* v. *Superior Court, supra,* 46 Cal.2d 291, 294-295; *Rodgers* v. *United States,* 267 F.2d 79, 85, 88.)

In the instant case, the evidence adequately supports the implied finding of the trial court that the total circumstances upon which the officers relied constituted probable cause for believing that the defendants were then in possession of heroin, which justified the arrest and search made by them.

Following the hearing outside the presence of the jury, after which the court announced its decision overruling the defendants' objections to the evidence in question, the following colloquy occurred between counsel:

By the deputy district attorney: "Might I inquire one thing of counsel before proceeding, whether or not he wants the matter submitted to the jury for probable cause also?"

By counsel for the defendant Arthur Reyes: "As far as Arthur Reyes, yes, we do."

By counsel for defendant, Manuel Reyes: "Yes, I speak on behalf of Manuel Reyes."

Thereafter testimony substantially identical to that produced before the court preliminary to its ruling on the defendants' objections was presented to the jury. On seven occasions during the trial, at the suggestion of counsel for the defense, the jury was instructed, in substance, that the testimony in question was to be considered only in determining the issue of probable cause. At the conclusion of the People's case, the defendants moved to strike all testimony relating to the information given the officers by Castro, or respecting the defendants' prior record, and "all of the testimony of a hearsay nature that these officers had that was supposedly offered for probable cause on the grounds it is incompetent, irrelevant, and immaterial, highly prejudicial," and of a type

"that will inflame this jury to such an extent because they were not properly pre-instructed as to the worth of the testimony." The motion to strike was denied. At the conclusion of the case the jury was instructed that evidence obtained by an unlawful search and seizure was inadmissible; upon various facets of the law governing searches and seizures; and that evidence offered for the purpose of showing probable cause was not to be considered for any other purpose.

The defendants now contend that the court erred in submitting the issue of probable cause to the jury, citing the decisions in *People* v. *Gorg,* 45 Cal.2d 776, 780-781 [291 P.2d 469], and similar cases, which indicate that this question properly should be decided by the court outside the presence of the jury. However, in the instant case, each of the defendants requested that the issue be tried by the jury and cannot now complain that their request was granted. (*People* v. *Boyles,* 45 Cal.2d 652, 656 [290 P.2d 535]; *People* v. *Bonman,* 201 Cal.App.2d 248, 253-254 [20 Cal.Rptr. 238]; *People* v. *Russell,* 196 Cal.App.2d 58, 60-62 [16 Cal.Rptr. 228]; *People* v. *Ames,* 151 Cal.App.2d 714, 723 [312 P.2d 111]; *People* v. *Cohen,* 94 Cal.App.2d 451, 457 [210 P.2d 911]; *People* v. *Houser,* 85 Cal.App.2d 686, 694-695 [193 P.2d 937].) Nevertheless, the defendants urge that their position is well taken because the court denied their motion to strike and failed to "preinstruct" the jury concerning the "weight" to be given the alleged hearsay testimony relating information with respect to their narcotics activities, which was received by the officers prior to the arrest. The motion to strike did not constitute a request to be relieved from the effect of their former request that the question of probable cause should be submitted to the jury. It was directed to the aforesaid testimony which was not hearsay for the purpose offered, viz., to establish probable cause. (*People* v. *Boyles, supra,* 45 Cal.2d 652, 656; *People* v. *King,* 140 Cal. App.2d 1, 4 [294 P.2d 972].) The order denying the motion to strike was proper. The court adequately instructed the jury that the testimony in question might be considered only on the issue of probable cause. No error appears.

The trial court failed to instruct the jury that oral admissions by the defendants should be viewed with caution. Although not requested by either side such an instruction should have been given by the court of its own motion if applicable to the evidence. (*People* v. *Deloney,* 41 Cal.2d 832, 840 [264 P.2d 532].) The defendants claim that the

failure to give the same constituted reversible error. The People contend that there was no testimony respecting oral admissions and, therefore, no error occurred. The latter contention is arguable. However, even assuming that the instruction should have been given, we are convinced that the failure to do so was not prejudicial. The alleged admissions are based on testimony relating statements by the defendants from which it might be inferred that they had knowledge that the powdery material removed from the bathroom floor was heroin, and that they resided in the house from which it was taken. After a review of the entire record, including the evidence, which overwhelmingly establishes guilty knowledge and residence exclusive of the alleged admissions and renders inconsequential any effect the latter might have on the case, we are of the opinion that it is not reasonably probable that the verdict would have been different if the subject instruction had been given. Under these circumstances, the alleged error is not a ground for reversal. (*People* v. *Poindexter,* 51 Cal.2d 142, 151 [330 P.2d 763]; *People* v. *Watson,* 46 Cal.2d 818, 837 [299 P.2d 243]; *People* v. *Koenig,* 29 Cal.2d 87, 94 [173 P.2d 1]; *People* v. *Clark,* 117 Cal.App.2d 134, 140 [255 P.2d 79].)

When he entered his plea, the defendant Arthur Reyes denied the allegations in the information charging a prior conviction. At the trial a certified copy of a judgment and fingerprint cards tending to establish these allegations were admitted in evidence by stipulation. Thereafter, the defendant, while under cross-examination as a witness on his own behalf, admitted that he previously had been convicted and served a term in the state prison as alleged. However, the jury was not instructed with respect to this matter, and its verdict did not include a finding thereon. Nevertheless, the abstract of judgment signed by the court declared, in substance, that this defendant had been charged with a prior conviction of and imprisoned for a violation of section 11500 of the Health and Safety Code, i.e., possession of a narcotic, being the prior conviction alleged, which had been "proved or admitted." The defendant contends that the court erred in certifying to such an entry because the issue was not submitted to and decided by the jury. However, it is very apparent that there was no issue to decide. The proof of his prior conviction and imprisonment was uncontroverted. In addition, his testimony constituted an admission in court, under oath, of the truth of the allegations respecting the same. In sub-

stance, he withdrew his previously entered denial. Furthermore, any error resulting in the omission of a finding respecting the allegations in question was not prejudicial and is not grounds for reversal of the judgment. (*People* v. *Seely*, 66 Cal.App.2d 408, 411 [152 P.2d 454]; *People* v. *Epstein*, 21 Cal.App.2d 488, 490 [69 P.2d 454]; *People* v. *Higbee*, 78 Cal.App. 455, 458 [248 P. 927].)

The judgment is affirmed and the attempted appeal from the order denying a new trial is dismissed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied August 23, 1962, and appellants' petition for a hearing by the Supreme Court was denied September 26, 1962.