[Crim. No. 1885. Fourth Dist. Sept. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ERROL WILLIS ELY, Defendant and Appellant.

John B. Hennessy for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant appeals from a judgment of conviction of possessing marijuana, in violation of the Health & Safety Code, section 11530. He admitted two prior felony convictions. Defendant contends that he involuntarily consented to the search of his bedroom by an officer in which the officer found marijuana.

The officer called upon defendant at his home about noon, and was invited into the house. The officer disclosed his identity and told defendant that one Lowerison had been taken into custody the night before, had a marijuana cigarette in his car and had informed the officer that defendant had been with him that night until about 1 o'clock in the morning; also defendant's sunglasses were in Lowerison's car. The officer was aware of defendant's prior record and of the fact that he was on probation. The officer asked defendant if he had been using marijuana and when a negative answer was given, permission to search defendant's bedroom was requested and tentatively denied lacking a search warrant, the reason being defendant's mother "would not like it." The officer requested the name and telephone number of defendant's probation officer. Defendant then stated the

officer could search the room if his mother consented. This consent was sought and given after which defendant told the officer to "Go ahead and search the room, I have nothing to hide." Marijuana was found, some of which defendant unsuccessfully sought to grab from the officer.

■ A search is not illegal where there is voluntary consent. (*People* v. *Moore*, 209 Cal.App.2d 345, 349 [26 Cal. Rptr. 36].) ■ There was nothing improper in the officer seeking the name and telephone number of the probation officer. The question of consent or consent by reason of coercion is one of fact to be determined by the trial judge. (*People* v. *Michael*, 45 Cal.2d 751, 753 [290 P.2d 852]; *People* v. *Rodriguez*, 192 Cal.App.2d 77, 82 [13 Cal.Rptr. 172].)

■ Acting upon information supplied by Lowerison that defendant had been with him the evening before, marijuana and defendant's sunglasses having been found in Lowerison's car, it was not unreasonable that the officer should seek an interview with defendant. ■ Defendant voluntarily consented to the entry of the officer into his home when he invited him in. The ensuing discussion establishes defendant's voluntary consent to the search of defendant's bedroom.

■ Defendant contends that the search of Lowerison's car and Lowerison's arrest were illegal, and that evidence of marijuana found in the car was inadmissible. This argument is completely irrelevant to the independent charge upon which defendant was found guilty. It would only be relevant to the situation of such evidence providing probable cause for an unconsented search of defendant's home without a search warrant, but here where consent was given, the manner in which marijuana was found in the car is of no concern. Suffice to say that the marijuana cigarette was plainly visible from outside the car. (*People* v. *Spicer*, 163 Cal.App.2d 678, 683 [329 P.2d 917].)

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 13, 1963.