[Crim. No. 19719. Second Dist., Div. Four. June 4, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
WALTER JUNIOR ASHLEY, Defendant and Appellant.

## COUNSEL

Richard S. Buckley, Public Defender, Russell F. Maginnis, James L. McCormick and Floyd W. Davis, Deputy Public Defenders, for Defendant and Appellant.

Roger Arnebergh, City Attorney, and Madeleine Flier, Deputy City Attorney, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—This appeal from an order of the Municipal Court of the Los Angeles Judicial District of Los Angeles County has been transferred to this court pursuant to rule 63, California Rules of Court, because it appears necessary to settle a new and important question of law.

Appellant was charged with driving a motor vehicle under the influence of intoxicating liquor and drugs, in violation of Penal Code section 367d, a misdemeanor. He moved to suppress as evidence a blood sample taken while he was unconscious following his arrest. The motion was denied, after which he took this appeal under the authority of subdivision (j) of Penal Code section 1538.5.

For the purpose of this appeal we assume that the blood sample was not admissible if the arrest was illegal. The sole issue argued by counsel is the legality of the arrest. Upon our examination of the record and the law we are satisfied that the appellate department of the superior court correctly decided that issue. The language which follows, and which we adopt, is taken verbatim from the opinion prepared for that court by Judge Delbert E. Wong and concurred in by Presiding Judge James G. Whyte and Judge Beach Vasey:

Following an automobile accident on a private access road, appellant was arrested by a police officer for violation of Penal Code section 367d, a misdemeanor.[1] The arresting officer did not have a warrant of arrest, and did not observe appellant driving a vehicle. The arrest was made upon the basis of the observations of the officer sometime after the accident, and his conversations with appellant and the driver of the other vehicle. It is undisputed that such observations and conversations constituted reasonable cause to believe that appellant at the time of the accident had been driving his vehicle while under the influence of intoxicating liquor. Such acts, however, did not occur *in the presence of the officer.*

■ Ordinarily, to justify a misdemeanor arrest by an officer without a warrant, the officer must have reasonable cause to believe that the person to be arrested has committed a public offense *in his presence* (Pen. Code, § 836, subd. 1; *People* v. *Garrison* (1961) 189 Cal.App.2d 549, 556 [11 Cal.Rptr. 398].)[2]

In 1969, the Legislature, however, created an exception for certain misdemeanor drunk driving arrests by enacting Vehicle Code section 40300.5, which reads: "Notwithstanding any other provision of law a peace officer may, without a warrant, arrest a person involved in a traffic accident when the officer has reasonable cause to believe that such person had been driving while under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug."

There are two misdemeanor drunk driving statutes, Vehicle Code section 23102, which applies only when the offender drives "upon any highway,"[3] and Penal Code section 367d, which contains no such limitation. Did the Legislature intend to make the new statute applicable to arrests under both misdemeanor drunk driving statutes, or only to arrests under Vehicle Code section 23102, as appellant contends?

■ At the outset it must be noted that although appellant was arrested for a Penal Code violation, that fact alone does not preclude the application

---

[1]Penal Code section 367d provides: "Any person driving a motor vehicle who is under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug, shall be guilty of a misdemeanor."

[2]A police officer may make a felony arrest (1) when the person arrested has committed a felony even though not in the presence of the officer or (2) when the officer has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed (Pen. Code, § 836, subds. 2 and 3).

[3]Vehicle Code section 23102 provides: "(a) It is unlawful for any person who is under the influence of intoxicating liquor, or under the combined influence of intoxicating liquor and any drug, to drive a vehicle *upon any highway.* . . ." (Italics added.)

of the new arrest statute which was added to the Vehicle Code. ■ It is a well settled rule of statutory construction that the separation of the various statutes into codes is for convenience only, and the codes are to be read together and regarded as blending into each other thereby forming but a single statute. (*In re Porterfield* (1946) 28 Cal.2d 91, 100 [168 P.2d 706, 167 A.L.R. 675]; *Federal Employees Dist. Co.* v. *Franchise Tax Bd.* (1968) 260 Cal.App.2d 937, 946 [67 Cal.Rptr. 696].)

■ The obvious intent of the Legislature in enacting section 40300.5 was to eliminate in misdemeanor drunk driving cases the troublesome requirement that a police officer can make an arrest only if he has reasonable cause to believe that the person to be arrested had committed the offense *in his presence*.[4] This legislative purpose is just as important in arrests for drunk driving on public streets and highways (Veh. Code, § 23102) as in arrests for drunk driving elsewhere (Pen. Code, § 367d). Moreover, it is highly unlikely that the Legislature intended to have one law of arrest to apply to one misdemeanor drunk driving statute, and a different law of arrest to apply to the other. Such a result would only add confusion to an already difficult area of law.

It is also significant that whenever the Legislature has intended that a statute be limited to offenses which occur "upon any highway," it has done so expressly. (See Veh. Code, §§ 23102, 23102.5, 23103, 23105, 23106.) These limiting words were conspicuously omitted from Vehicle Code section 40300.5.

Appellant contends, however, that by implication the Legislature has restricted the applicability of Vehicle Code section 40300.5 to arrests for violations which occur on highways. In support of his position, he refers to the use of the words, "involved in a *traffic* accident," and the statutory definition of the word "traffic." Vehicle Code section 620 provides: "The word 'traffic' includes pedestrians, ridden animals, vehicles, street cars, and other conveyances, either singly or together, *while using any highway* for purposes of travel." (Italics added.)

Definitions found in the Vehicle Code govern the construction of that code, unless the provision or context otherwise requires (Veh. Code, § 100). ■ The statutory definition of "traffic," which includes pedestrians and

[4]In *McDonald* v. *Justice Court* (1967) 249 Cal.App.2d 960 [58 Cal.Rptr. 29], the officers *were deemed present* when they arrived at the scene less than one minute after receiving a radio report of an accident and found the defendant with a strong smell of alcohol on her, unconscious behind the wheel of her car which had hit a parked car, and which was at rest partly on a lawn. On the other hand, in *People* v. *Walker* (1962) 203 Cal.App.2d 552, 555 [21 Cal.Rptr. 692], the officers *were deemed not present* when they arrived at the scene of an accident several minutes after it occurred and found defendant standing on the highway.

ridden animals, either singly or together, is so broad that its application to Vehicle Code section 40300.5 is inappropriate. It is apparent that the Legislature, in using the words, "traffic accident," did not mean accidents between pedestrians and ridden animals, either singly or together. ■ In the light of the purpose of the statute in question, a more logical interpretation of "traffic accident" is that it refers to an accident involving at least one vehicle. The use of the word "traffic" must have been intended to describe the *type* of accident, not the *place* of such accident.

■ It is a cardinal rule that statutes should be given a reasonable interpretation and in accordance with the apparent purpose and intention of the law makers. Such intention controls if it can be reasonably ascertained from the language used. (*County of Alameda v. Kuchel* (1948) 32 Cal.2d 193, 199 [195 P.2d 17].)

■ So interpreted, we hold that Vehicle Code section 40300.5 applied to appellant's arrest for violation of Penal Code section 367d, and that the trial court properly ruled that the arrest was lawful. The order denying the motion to suppress evidence is affirmed.