[Civ. No. 41239. Second Dist., Div. Two. Sept. 19, 1973.]

RICHARD CORBISHLEY NOIA, Plaintiff and Appellant, v.
ROBERT C. COZENS, as Director, etc., Defendant and Respondent.

**COUNSEL**

Chandler & Armstrong, Odra L. Chandler and Thomas F. Goodman for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Ronald S. Marks, Deputy Attorney General, for Defendant and Respondent.

---

## OPINION

**FLEMING, J.**—The Department of Motor Vehicles suspended the driving privilege of Richard Noia for six months pursuant to Vehicle Code section 13353 after Noia was arrested for drunk driving and refused to submit to a chemical test for blood alcohol. Noia appeals a judgment of the superior court denying a peremptory writ of mandate to compel the department to set aside the suspension. ■■■ He contends he was not lawfully arrested, that the arresting officer did not have probable cause to believe he was driving a motor vehicle upon a highway.

The facts are undisputed: On the evening of 7 January 1972 Highway Patrolman David Chappell saw an automobile, which appeared to contain only its male driver, weaving erratically at speeds varying from 30 to 50 miles per hour on the Angeles Crest Highway. Chappell followed the automobile for half a mile and then turned on his red light. When the automobile continued on Chappell flashed his high beams and blew his horn. After continuing for a short distance more the automobile pulled into the driveway of a house and drove behind its detached garage. Chappell pulled into the driveway, got out of his patrol car, and walked up the driveway behind the house. He saw no one cross from the garage area to the house during the five to ten seconds the automobile was out of his sight. Chappell found the automobile parked behind the garage with the lights on, the driver's door open, and the driver gone. Chappell knocked on the back door of the house. Two boys answered and said the automobile belonged to their father. As Chappell walked back toward the automobile, Noia came out of the garage through a side entrance. Not more than a minute or a minute and a half had elapsed since Chappell pulled into the driveway, and there was no one else in the area. Chappell asked Noia for his driver's license, but Noia showed Chappell a Marine identification card. Noia's speech was slurred and there was an odor of alcoholic beverage about him. He attempted one field sobriety test but refused to perform any others. Chappell arrested Noia for drunk driving and properly advised him of his rights and responsibilities. Noia then refused to submit to a chemical test for blood alcohol.

Noia argues that his arrest was invalid because Patrolman Chappell was never near enough to the erratically driven automobile to identify Noia as

its driver. But it does not follow that Chappell was without reasonable cause to believe Noia was the driver and therefore to make a lawful arrest. **(2)** An arrest is valid even when the officer arrests the wrong person if the officer has reasonable cause to arrest another person and reasonably mistakes the wrong person for the other person. (*People* v. *Hill,* 69 Cal.2d 550, 553 [72 Cal.Rptr. 641, 446 P.2d 521].)

█ Reasonable cause is shown by facts which would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person to be arrested is guilty of a crime. (*People* v. *Lockwood,* 253 Cal.App.2d 75, 80 [61 Cal.Rptr. 131].)

█ The facts here show reasonable cause for Chappell to believe Noia was the driver of the automobile. Noia was the only person around likely to have been the driver. Chappell had seen no one flee the area. The automobile was parked right behind the garage out of which came Noia within not more than a minute or a minute and a half. And Noia appeared to be under the influence of alcohol, which would explain the erratic manner in which the automobile was driven.

Noia argues that Chappell should have further investigated before making an arrest. However, Chappell had probable cause to arrest Noia when he did. While further investigation might have exonerated or further incriminated Noia, the circumstances were sufficient to justify the arrest when the arrest was made.

The judgment is affirmed.

Roth, P. J., and Compton, J., concurred.