[Civ. No. 41682. First Dist., Div. Four. Nov. 22, 1977.]

JACK PERCY SHAFFER, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES,
Defendant and Respondent.

COUNSEL

John J. Fahey for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Victor D. Sonenberg, Deputy Attorney General, for Defendant and Respondent.

OPINION

CHRISTIAN, J.—Jack Percy Shaffer appeals from a judgment denying a writ of mandate to annul an order of respondent Department of Motor Vehicles suspending appellant's driver's license for refusal to submit to a chemical test of blood alcohol content as required by Vehicle Code section 13353.

It is conceded by the Attorney General that the holder of a motor vehicle operator's license is deemed to have consented to submit to blood alcohol testing only in an instance where there has been "a lawful drunk

driving arrest." (See Veh. Code, § 13353, subd. (a).) ▮ Appellant contends that he was not lawfully arrested for drunk driving (Veh. Code, § 23102), pointing out that the police officer who investigated the hit-run incident, in which appellant had been involved, did not see appellant commit drunk driving, which is a misdemeanor. It is true that, as a general rule, a peace officer may make a misdemeanor arrest without a warrant only where the offense has been committed in the presence of the officer (Pen. Code, § 836). It was held in *People* v. *Walker* (1962) 203 Cal.App.2d 552 [21 Cal.Rptr. 692], that without a warrant a police officer was not authorized to make an arrest for a drunk driving incident which did not occur in his presence. But after *Walker,* the Legislature enacted Vehicle Code section 40300.5,[1] providing explicitly that where there has been a traffic accident, an officer having probable cause to believe that an involved driver "had been driving while under the influence of intoxicating liquor . . ." may make an arrest without a warrant. Application of that enactment has been upheld. (*People* v. *Ashley* (1971) 17 Cal.App.3d 1122 [95 Cal.Rptr. 509].)

Appellant attempts to distinguish the *Ashley* holding on the basis that there the officer arrived at the scene of a collision and found an intoxicated driver there, whereas in the present case appellant drove away from the scene of the accident and was arrested a short time later at his home. The claimed distinction has no merit. The citizen complaint which the officer had received, supplemented by a paint transfer visible on appellant's car and by the officer's own observation that appellant was intoxicated to the point of incompetence, gave probable cause for an arrest as authorized by the explicit terms of Vehicle Code section 40300.5.

The judgment is affirmed.

Caldecott, P. J., and Rothenberg, J.,* concurred.

---

[1]Vehicle Code section 40300.5: "Notwithstanding any other provision of law a peace officer may, without a warrant, arrest a person involved in a traffic accident when the officer has reasonable cause to believe that such person had been driving while under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug."

*Assigned by the Chairperson of the Judicial Council.