[Crim. No. 40406. Second Dist., Div. Three. Jan. 4, 1982.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM ANTON HORVATH, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Suzanne Person, Deputy District Attorneys, for Plaintiff and Appellant.

Richard T. Sykes for Defendant and Respondent.

## Opinion

**KLEIN, P. J.**—This case calls for the interpretation of Public Utilities Code section 21252, subdivision (a).[1] More precisely, the question is whether the section permits a valid warrantless arrest for a misdemeanor proscribed by the state Aeronautics Act not committed in the arresting officer's presence.[2] We conclude that the language of the section so permits; provided the Director of the Department of Transportation has acted pursuant to the statute to implement its provisions.

In this case, no such action had occurred prior to the warrantless arrest involved, and therefore the arrest was illegal and the evidence properly was suppressed.[3]

### Procedural and Factual Background

The defendant Horvath was arrested by a peace officer of the El Monte Police Department on the basis of information received from an eyewitness to the effect that Horvath had been involved in an accident while taxiing an airplane at the El Monte Airport, and that he appeared to be under the influence of an intoxicating beverage.

Horvath was charged with a misdemeanor violation of section 21407.5, which provides that it is unlawful for any person, while under the influence of intoxicating liquor, to operate an aircraft in the air, or on the ground, or water.

Subsequent to Horvath's arrest, a blood alcohol test was administered.

---

[1] Public Utilities Code section 21252, subdivision (a) provides in part: "(a) The department, its members, the director, officers and employees of the department, and every state and peace officer charged with the enforcement of state and subordinate laws or ordinances, *may* enforce and assist in the enforcement of this part, the rules and orders issued under this part, and all other laws of this state relating to aeronautics. In the enforcement of such rules, orders, and laws, the director, and such officers and employees as the director may designate, shall have the authority, as public officers, to arrest without a warrant, any person who, in his presence, has violated or as to whom there is probable cause to believe has violated any of such rules, orders, or laws."

[2] All code sections refer to the Public Utilities Code unless otherwise indicated.

[3] The Los Angeles Superior Court Appellate Department opinion in this matter was transferred to this court pursuant to rule 62(a) of the California Rules of Court.

Horvath successfully moved to suppress the blood alcohol test results on the grounds that the test information was the product of an illegal arrest as the misdemeanor offense was not committed within the arresting officer's presence as required by Penal Code section 836, subdivision 1.[4] The People appealed pursuant to Penal Code section 1538.5, subdivision (j).[5]

No evidence was presented in the trial court that the Director of the Department of Transportation had designated the arresting peace officer as a public officer clothed with the authority to arrest without a warrant pursuant to section 21252.[6]

## DISCUSSION

■ The general laws relative to arrests for misdemeanors are well established in this state and flow from the authority set forth in Penal Code section 836, subdivision 1. (*Miller* v. *Glass* (1955) 44 Cal.2d 359 [282 P.2d 501]; *In re Alonzo C.* (1978) 87 Cal.App.3d 707 [151 Cal.Rptr. 192]; *Ferguson* v. *Superior Court* (1915) 26 Cal.App. 554 [147 P. 603].) Penal Code section 836 and case law limit such arrests to offenses reasonably believed to have been committed in the presence of the arresting officer.

However, in 1969, public policy caused the Legislature to broaden the misdemeanor arrest authority of peace officers in the enactment of Vehicle Code section 40300.5 (Stats. 1969, ch. 956, § 1, p. 1904). That section provides: "Notwithstanding any other provision of law, a peace officer may, without a warrant, arrest a person involved in a traffic accident when the officer has reasonable cause to believe that such person had been driving while under the influence of intoxicating liquor . . . ."

The foregoing section applies only to Vehicle Code violations, and an accident involving an airplane is not subject to the provisions of the Ve-

---

[4]Penal Code section 836, subdivision 1 provides: "A peace officer may make an arrest . . . without a warrant . . . (1) Whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence."

[5]Penal Code section 1538.5, subdivision (j) states in pertinent part: ". . . If the . . . evidence seized relates solely to a misdemeanor complaint, and the defendant made a motion for . . . the suppression of evidence in the municipal court . . . prior to trial, both the people and defendant shall have the right to appeal : . . ."

[6]Counsel on appeal submitted letters confirming that in fact the director had not designated the arresting peace officer as having special authority pursuant to Public Utilities Code section 21252 as of the date of the arrest.

hicle Code. (Veh. Code, § 40300; *McBoyle* v. *United States* (1931) 283 U.S. 25, 26-27 [75 L.Ed. 816, 818, 51 S.Ct. 340]; *DiGuilio* v. *Rice* (1937) 27 Cal.App.2d Supp. 775, 780 [70 P.2d 717].)

· Precedent thus has been established for the Legislature's acting to extend misdemeanor arrest authority. It would appear that the obvious intent of the Legislature in enacting section 21252, subdivision (a) likewise was to *eliminate* in criminal offenses involving the use, maintenance and operation of *aircraft*, the same troublesome and often difficult requirement under Penal Code section 836, subdivision 1 that a peace officer is restricted to making a warrantless arrest only in situations where that officer has reasonable cause to believe that the person to be arrested committed a misdemeanor offense in his/her presence. (See *People* v. *Jordan* (1977) 75 Cal.App.3d Supp. 1, 14 [142 Cal.Rptr. 401]; *People* v. *Ashley* (1971) 17 Cal.App.3d 1122, 1126 [95 Cal.Rptr. 509].)[7]

According the statute in question its plain meaning, a warrantless misdemeanor arrest appears to be authorized. The first part merely provides that all departmental personnel and every peace officer *may* enforce laws relating to aeronautics, a proviso that does not purport to grant any additional authority to make arrests without warrants.

The second part purports to give the power to arrest for a misdemeanor *not* committed within the presence of the person effecting the arrest not only to peace officers ·but to *departmental employees*, thus greatly broadening the power to make misdemeanor arrests beyond that provided by the general law. The use of the conjunctive *or* dispels any ambiguity as to the intent with which the section was enacted.

This enhanced authority is to be restricted to those described individuals which the director specifically designates. The aircraft misdemeanors to which section 21252, subdivision (a) is applicable, as set forth in the Public Utilities Code, are limited in number. Arrests pursuant to the section are further restricted by the usual "probable cause" standard applicable to felonies which is well-defined in the law. (See *People* v. *Ingle* (1960) 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348

---

[7]These cases deal with the legislative purpose in enacting Vehicle Code section 40300.5 in misdemeanor drunk driving cases where an accident occurred, but the reasoning as to legislative intent is equally applicable to section 21252, subdivision (a).

P.2d 577]; *People* v. *Hampton* (1981) 115 Cal.App.3d 515, 520 [171 Cal.Rptr. 312].)

■ While the facts herein reveal that there was substantial evidence to support a finding of probable cause to believe Horvath guilty of a misdemeanor, it is conceded that the Director of the Department of Transportation had not acted pursuant to the statute to designate the El Monte police officer as having "... the authority ... to arrest without a warrant, any person ... as to whom there is probable cause to believe [had] violated any ... laws." The burden is on the People to support a warrantless arrest and here the prosecution failed to meet that burden. (See *Tompkins* v. *Superior Court* (1963) 59 Cal.2d 65, 67 [27 Cal.Rptr. 889, 378 P.2d 113].)

In conclusion, we find that the Legislature extended the power of warrantless misdemeanor arrests beyond that otherwise provided by the general law. To hold otherwise would be to make a mockery of the enactment of section 21252 in the first place, and not to accord the legislation in issue its reasonable construction. (*Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801, 813-814 [114 Cal.Rptr. 577, 523 P.2d 617]; *Wilcox* v. *Enstad* (1981) 122 Cal. App.3d 641, 648 [176 Cal.Rptr. 560].)

However, due to the failure of the director to designate the El Monte peace officer with the extended power, she was limited by the general arrest law as circumscribed by Penal Code section 836, subdivision 1. The arrest was therefore invalid and the evidence was properly suppressed.

The judgment is affirmed.

Potter, J., and Lui, J., concurred.