[No. A023810. First Dist., Div. One. Jan. 15, 1985.]

CHARLES D. MUELLER, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

682

## Counsel

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Harold Teasdale and Eleanor Nisperos, Deputy Attorneys General, for Defendant and Appellant.

Jerry Y. Fong and Carey & Carey for Plaintiff and Respondent.

## Opinion

ELKINGTON, J.—The motor vehicle driver's license of the instant plaintiff and respondent, Charles D. Mueller, had been ordered suspended for six months by the Motor Vehicle Department (Department), for his refusal to take a blood alcohol test as a suspected drunken driver. (See Veh. Code, § 13353.) He applied for a writ of mandate in the superior court, seeking to set aside the Department's order. The writ was granted, and the Department appeals from the judgment granting it.

■ Upon the superior court proceedings, the court properly exercised its "independent judgment" on the Department's administrative record. (See *Berlinghieri* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 392 [188 Cal.Rptr. 891, 657 P.2d 383], *passim.*)

■ An essential condition to the application of Vehicle Code section 13353 is that the suspect be *lawfully arrested on probable cause* to believe that he was *driving a motor vehicle* under the influence of an alcoholic beverage. (See § 13353, subd. (a)(2).)

The principal issue of the superior court mandate proceedings was whether there was substantial evidence that Mueller was the *driver of one of the colliding vehicles* at the time of the accident.

As here relevant the Department's administrative record disclosed the following evidence.

A police officer witness, by radio, had been called by his lieutenant to the scene of a motor vehicle accident. At the scene, in addition to the police officers, were the automobiles which had collided, Mueller, two witnesses to the accident, and the "other driver." The lieutenant explained the circumstances to the officer, and *told him that the witnesses had placed Mueller in one of the cars "during the time of the collision,"* and that they had "placed Mr. Mueller at fault." And the lieutenant said "he felt that [Mueller] was driving under the influence of alcohol, and he wished me [the officer] to administer field sobriety tests." The tests were thereupon administered by the officer, and Mueller indisputably flunked them.

Mueller was thereupon arrested by the officer for driving a motor vehicle while under the influence of alcohol, in violation of Vehicle Code section 23152, subdivision (a). Asked to take one of the blood alcohol content tests of Vehicle Code section 13353, he refused, thus bringing upon himself the here contested Department's order suspending his driver's license.

Following hearing of the mandate proceedings, the superior court made and filed its "Statement of Decision," according to the recent amendment to Code of Civil Procedure section 632. As here relevant, it provided: "The primary issue determinative of all of the other issues in the case is whether or not the arresting officer had reasonable cause to believe that petitioner [Mueller] had been *driving* upon a highway while under the influence of an intoxicating liquor. The arresting officer testified that he did not personally observe petitioner driving a motor vehicle on the night of the arrest. *His testimony, that he had been told by his supervisor who in turn had been told by a lay witness, that petitioner had been driving before the accident, is hearsay, and insufficient evidence for respondent to conclude that there was reasonable cause to believe that petitioner had been driving a vehicle* under the influence of an intoxicating liquor. Inasmuch as there was no reasonable cause to arrest petitioner, petitioner's subsequent arrest was unlawful and

there was no need to subject him to the requirements of the implied consent law." (The latter italic is ours.)

■ The trial court's statement of reasons must fairly be interpreted as concluding that the arresting officer, not having *personally* seen Mueller driving an automobile, and the lieutenant having but relayed to the officer information from a "lay witness" that Mueller had been so driving, the arrest was based on *inadmissible hearsay.* It was thus held to be insufficient evidence, *as a matter of law,* from which "to conclude that there was probable cause" to arrest Mueller.

We find error, as claimed by the Department.

(Parenthetically, we first observe evidence of the administrative record that the officer had been told by the *witnesses,* i.e., two witnesses and the "other driver," that Mueller had been driving the offending motor vehicle.)

■ Hearsay evidence has universally been held to establish probable cause. (See *Aguilar* v. *Texas* (1964) 378 U.S. 108, 114 [12 L.Ed.2d 723, 728-729, 84 S.Ct. 1509]; *Price* v. *Superior Court* (1970) 1 Cal.3d 836, 840-844 [83 Cal.Rptr. 369, 463 P.2d 721].) Indeed, such hearsay evidence, consisting of statements by informers to law enforcement officers, appears to be the principal basis of judicial findings of probable cause.

■ ■ A report to a police officer, by a citizen-informant who has witnessed a crime's commission, will ordinarily be supportive of probable cause for an arrest. "A 'citizen-informant' is a citizen who purports to . . . have been the witness of a crime who is motivated by good citizenship and acts openly in aid of law enforcement. . . . It is reasonable for police officers to act upon the reports of such an observer of criminal activity. . . . [¶] A 'citizen-informant' is distinguished from a mere informer who gives a tip to law enforcement officers that a person is engaged in the course of criminal conduct. . . . Thus, experienced stool pigeons or persons criminally involved or disposed are not regarded as 'citizen-informants' because they are generally motivated by something other than good citizenship. . . . Accordingly, in view of this distinction the courts have recognized that the tests of reliability that must be applied to experienced stool pigeons or to persons criminally involved or disposed do not necessarily apply to every private citizen who aids the police." (*People* v. *Schulle* (1975) 51 Cal.App.3d 809, 814-815 [124 Cal.Rptr. 585].) "[A] citizen who observe[s] the commission of a crime [is] more than a mere informer. '[T]ests of reliability that must be applied to experienced stool pigeons do not necessarily apply to every private citizen who aids the police.'" (*Krauss* v. *Superior Court* (1971) 5 Cal.3d 418, 421-422 [96 Cal.Rptr. 455, 487 P.2d

1023], overruled on other grounds, *People* v. *Cook* (1978) 22 Cal.3d 67, 98-99 [148 Cal.Rptr. 605, 583 P.2d 130].)

■ And of course, one police officer who has received a report from a citizen-informant of a crime's commission, and who has passed the information on to a brother officer in the crime's investigation, will be deemed to have reliably done so. "It is well settled that while it may be perfectly reasonable for officers in the field to make arrests on the basis of information furnished to them by other officers, 'when it comes to justifying the total police activity in a court, the People must prove that the source of the information is something other than the imagination of an officer who does not become a witness.'" (*Remers* v. *Superior Court* (1970) 2 Cal.3d 659, 666 [87 Cal.Rptr. 202, 470 P.2d 11].) The first officer's information will be deemed reliable if he "was in possession of facts amounting to circumstances short of probable cause which would have justified him to personally make the detention." (*Restani* v. *Superior Court* (1970) 13 Cal.App.3d 189, 196 [91 Cal.Rptr. 429]; and see authority there collected.)

From a review of broad authority, the applicable rule is well stated by Professor La Fave, as follows:

"The nature of modern law enforcement is such that not infrequently the particular officer who makes an arrest or search is not the only policeman involved in some way in the investigation of the offense concerning which the arrest or search was made. Information about certain criminal conduct or certain offenders is often communicated broadly within a particular police department. . . . The information which is communicated or which is the basis for a directive or request for action usually has as its source an informant or a victim or witness or the direct observations of an officer. . . . ■ [T]he average citizen who is thrust into the position of being a victim of or a witness to criminal conduct and who thereafter reports what he saw and heard to the police is generally presumed to be reliable, and thus no special showing of such reliability in the particular case is necessary. As might be expected, the same may be said of a person who is a law enforcement officer." (1 La Fave, Search and Seizure (1978) ch. 3, § 3.5(a), pp. 619-620.)

■ Here the evidence established that the lieutenant's information was *not* his imagination, but instead reports of citizen-informants who had witnessed a criminal offense. Mueller was thus properly detained, and, when the subsequent evidence of his intoxication appeared, there was probable cause for his arrest.

The judgment is reversed, and the superior court will enter judgment denying the petition for a writ of mandate.

Newsom, J., concurred.

**RACANELLI, P. J.**—I concur in the result in view of the uncontroverted evidence of the officer's reasonable belief of Mueller's impaired driving during his involvement in the parking lot "traffic accident." (See Veh. Code, § 40300.5 [amended in 1982 in minor particulars]; cf. *People* v. *Ashley* (1971) 17 Cal.App.3d 1122 [95 Cal.Rptr. 509].)