Opinion
JACKMAN, J.
We find that Vehicle Code section 23152, subdivision (a) prohibits driving a vehicle while under the influence of alcohol and/or drugs even though the vehicle is driven only in an area not open to the general public.
Facts
According to the stipulated facts, appellant, who was under the influence of alcohol, drove a motor vehicle on a privately owned and paved area which was part of a locked storage facility. This facility was not open to *Supp. 11 the general public, but lessees and others with business on the property could enter. The lower court found him guilty, rejecting his contention that Vehicle Code section 23152, subdivision (a)[1] could not apply because he drove only on private property which was not open to use by the general public.
Discussion
The single narrow issue raised by this appeal is whether section 23152, subdivision (a) applies to any place in California where a vehicle can be driven, including the particular venue of appellant’s under-the-influence driving, or whether it applies only to places where the general public is likely to be endangered by such driving.
Based on the stipulated facts, appellant, while under the influence of alcohol, drove in an area that was, at the most, accessible only to specific members of the public (those who were able to open the gate by using a code). If section 23152, subdivision (a) prohibits driving under the influence anywhere a vehicle can be driven, regardless of whether the property is publicly or privately owned and regardless of whether the property is open to the general public, the judgment against appellant must be affirmed.
We find that section 23152, subdivision (a) does prohibit driving under the influence on private property for three reasons: first, section 23152, subdivision (a) is not limited to public highways and roads by virtue of its inclusion in division 11 of the Vehicle Code; second, section 23152, subdivision (a) is the product of a series of legislative refinements which progressively expanded its applicability and, third, Penal Code section 367d, which made it a misdemeanor to operate or drive a motor vehicle while intoxicated, has effectively merged into section 23152, subdivision (a).
Appellant relies upon section 21001 which provides that “[t]he provisions of this division [division 11] refer exclusively to the operation of vehicles upon the highways, unless a different place is specifically referred to . . .” to argue that he did not have reasonable notice that section 23152, subdivision (a) would be extended to private property not open to public use, i.e., to the private streets of a storage facility intended to be used only by customers of the facility.
It is arguable that the Legislature, recognizing how difficult it has been to protect the members of the public on the public highways and streets from the menace of the intoxicated driver, may not have had the subjective intent to monitor the intoxicated driver who confines his driving to locations where *Supp. 12 he will not encounter members of the general public. However, a fair reading of sections 21001, 23100 and 23152 as well as consideration of the evolution of section 23152 support the lower court’s conclusion that appellant’s driving under the influence on the private streets of the limited access storage facility did violate section 23152, subdivision (a).
Section 21001 does provide that the provisions of division 11 of the Vehicle Code, of which section 23152 is one, only apply to the operation of vehicles on highways and, pursuant to section 360, streets; however, it also contemplates application of provisions in division 11 to locations other than highways (“unless a different place is specifically referred to.”)
Chapter 12 (Public Offenses) of division 11 of the Vehicle Code, which includes section 23152, begins with section 23100, a provision which clearly modifies the exclusivity of section 21001: “The provisions of this chapter apply to vehicles upon the highways and elsewhere throughout the State unless expressly provided otherwise.” We read this as meaning that the provisions in chapter 12 apply to vehicles anywhere they can be driven unless the specific provision limits itself to a specific location. For instance, one of the chapter 12 provisions, section 23103, prohibits reckless driving on a highway in subdivision (a) and prohibits reckless driving in an offstreet parking facility in subdivision (b). Had appellant been convicted of reckless driving rather than driving under the influence, he could have argued that the limited access storage facility was neither a highway nor an offstreet parking facility. A number of other chapter 12 provisions are expressly limited as to location, e.g., section 23109 prohibits speed contests “on a highway,” section 23110 prohibits throwing substances at a vehicle “on a highway,” section 23111 prohibits throwing cigarettes, etc. on “any road or highway or adjoining area,” sections 23220 and 23221 prohibit drinking any alcoholic beverage while driving a vehicle or while being in a vehicle “upon a highway.” Section 23152, however, contains no language limiting its applicability to any particular location.
The predecessor of section 23152, section 23102, made driving under the influence “upon any highway” illegal. When section 23102 was amended in 1972, the “upon any highway” language was continued in subdivision (a) while subdivision (b) prohibited driving while intoxicated “upon other than a highway.” The People contend that this amendment redressed the problem ' presented by Weber v. Orr (1969) 274 Cal.App.2d 288 [79 Cal.Rptr. 297], cited by appellant, which held that compliance with the implied consent law was not necessary absent a showing that the driver had operated a vehicle on a public highway. In 1981, when section 23152 replaced 23102 and was then amended, subdivision (a) prohibited any person from driving a vehicle while *Supp. 13 under the influence of alcohol and/or any drug. Subdivision (b) of section 23152 prohibited any person with .10 percent or more of alcohol in his or her blood from driving a vehicle “upon a highway or upon other than a highway in areas which are open to the general public.” In 1982, section 23152 was amended to delete the language in subdivision (b) referring to the location of the offense which left the pertinent portions of subdivisions (a) and (b) as “to drive a vehicle.” Thus, the statute that prohibits driving while under the influence of alcohol and/or any drug has emerged unencumbered with any language restricting its reach.
Penal Code section 367d, originally enacted in 1911, made it a misdemeanor to operate or drive a motor vehicle while intoxicated. In 1968, it was amended to make illegal driving while under the influence of intoxicating liquor or under the combined influence of intoxicating liquor and any drug. In 1971, it was amended to make illegal driving under the influence of any drug. Penal Code section 367d never contained any language restricting the location of the driving to highways. In 1972, the Legislature, in the same statute (Ch. 92) that, inter alia, amended section 23102, repealed Penal Code section 367d. We find the logical conclusion is that the Legislature intended section 23102 (which later became § 23152) to define the misdemeanor crime of driving under the influence of alcohol and/or drugs. Since Penal Code section 367d contained no limitation on the location of the offense and since, at the time it was repealed, section 23102 was amended to ensure that it applied “upon any highway,” subdivision (a), and “upon other than a highway,” subdivision (b), it is also logical to conclude that the Legislature intended section 23102 to apply as broadly as Penal Code section 367d.
People v. Ashley (1971) 17 Cal.App.3d 1122 [95 Cal.Rptr. 509] noted that the words “upon any highway” had been “conspicuously omitted from section 40300.5” and said, “whenever the Legislature has intended that a statute be limited to offenses which occur ‘upon any highway,’ it has done so expressly.” (People v. Ashley, supra, at p. 1126.) Here, the People note that the limiting words have also been “conspicuously omitted” from section 23152.
Appellant contends that section 23152 is sufficiently ambiguous to trigger a construction favorable to the defendant (In re Tarter (1959) 52 Cal.2d 250 [339 P.2d 553]). However, reading section 23152 as controlled by section 23100, it is not ambiguous since it provides that it is illegal while under the influence or with a blood-alcohol concentration of 0.08 percent to drive a vehicle “upon the highways and elsewhere throughout the State” (italics added).
*Supp. 14 There is no question that the drunk driver is an “extremely dangerous” person (see, e.g., Berg v. Municipal Court (1983) 35 Cal.3d 257 [198 Cal.Rptr. 145]) who obviously poses more danger when he or she drives on public streets and highways and encounters the general public in greater numbers (see e.g., Henslee v. Department of Motor Vehicles (1985) 168 Cal.App.3d 445, 452 [214 Cal.Rptr. 249]). However, regardless of any subjective legislative intent, the objective intent of the Legislature as derived from the language of the pertinent Vehicle Code provisions is that a person who is driving while under the influence of alcohol and/or drugs is always a threat and the purpose of section 23152 is to prohibit those “extremely dangerous” persons from driving anywhere in California.
Disposition
The judgment against appellant is affirmed.
Rylaarsdam, R J., and Bedsworth, J., concurred.

All further statutory references are to the Vehicle Code unless otherwise noted.