[No. C015322. Third Dist. Mar. 10, 1994.]

DAVID FRANKLIN CANTRELL, Plaintiff and Appellant, v.
FRANK S. ZOLIN, as Director, etc., Defendant and Respondent.

## COUNSEL

Jere Hurley for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Henry G. Ullerich, Assistant Attorney General, Jose R. Guerrero and Marybelle D. Archibald, Deputy Attorneys General, for Defendant and Respondent.

## OPINION

**PUGLIA, P. J.**—After an administrative hearing (Veh. Code, § 13558), the Department of Motor Vehicles (Department) suspended plaintiff's driver's license for one year. The hearing officer found, among other things, that the arresting officer had reasonable cause to believe plaintiff had been driving a motor vehicle while he was under the influence of an intoxicant. Plaintiff petitioned the superior court for review of the Department's order of suspension. (Veh. Code, § 13559; all further statutory references to sections of an undesignated code are to the Vehicle Code.) Exercising its independent judgment, the superior court found the weight of the evidence supports the hearing officer's findings and denied the petition. Plaintiff appeals.

On appeal, plaintiff challenges the superior court's finding that the weight of the evidence establishes the officer had reasonable cause to believe plaintiff had been driving a vehicle while under the influence of an intoxicant. He contends the finding is not supported by substantial evidence in the administrative record. We reject the contention and affirm the judgment. (See *Coombs* v. *Pierce* (1991) 1 Cal.App.4th 568, 575-576 [2 Cal.Rptr.2d 249].)

We summarize the evidence in the record of the administrative hearing. Plaintiff, accompanied by a friend, was driving his vehicle. Two other friends followed in a separate vehicle. Plaintiff noticed a sheriff's vehicle following a short distance behind. Plaintiff became nervous and pulled into a driveway waiting for the officer to pass by. However, Deputy Sheriff McCarley activated his overhead lights, halted his vehicle, alighted, and approached plaintiff. McCarley informed plaintiff he had observed him driving across the center line and inquired whether plaintiff had been drinking. Plaintiff stated "[he] had a couple . . . and that was it." McCarley

requested assistance and California Highway Patrol Officer Duke arrived. McCarley related to Duke that plaintiff was "weaving in a snake like manner across the center line." Plaintiff, his passenger and his two friends who had been following him testified plaintiff was driving his car but did not cross the center line.

Duke administered sobriety tests to plaintiff. He observed plaintiff's eyes were bloodshot and watery, he had an unsteady gait and slurred speech, and he smelled of the odor of an alcoholic beverage.

Duke formed the opinion plaintiff was under the influence of alcohol and placed him under arrest. Two breath tests were administered. The first test showed plaintiff had a blood-alcohol level of .12 percent. The second test showed a blood-alcohol level of .13 percent.

Duke served plaintiff with a written notice of suspension of his driver's license. (§§ 13353.2, subd. (b); 23158.5.) The notice informed plaintiff his driver's license would be suspended effective 45 days therefrom "because you were arrested for driving under the influence of alcohol . . . and [c]ompleted a breath test with a blood alcohol concentration of .08 percent or greater."[1]

As required by section 23158.2, Duke filed a written report under oath setting forth his observations and conclusions. The report included the information conveyed to him by McCarley that the latter had observed plaintiff "weaving in a snake like manner across the center line."

Neither McCarley nor Duke testified at the hearing, but Duke's sworn report was received in evidence. (§§ 23158.2, 14104.7; *McKinney* v. *Department of Motor Vehicles* (1992) 5 Cal.App.4th 519, 526 [7 Cal.Rptr.2d 18].)

The hearing officer made the necessary findings adverse to plaintiff (§ 13558, subd. (c)(2)) and upheld the suspension of plaintiff's driver's license.

Plaintiff petitioned the superior court for review (§ 13559), alleging the only evidence to support the hearing officer's finding that Duke had reasonable cause to believe plaintiff had been driving while under the influence was McCarley's "hearsay" statement contained in Duke's sworn report. Plaintiff alleged this was insufficient alone to sustain the required finding of reasonable cause.

---

[1]The Department subsequently reviewed the order of suspension informally and sustained it. (§§ 13557, subds. (a), (b)(2); 13353, subds. (a), (d).)

Section 13558, subdivision (a), provides that any person whose license has been suspended may request of the Department an administrative hearing conducted according to the procedures set forth in section 14100 et seq. The only issues at the hearing are those listed in paragraph (2) of subdivision (b) of section 13557. (§ 13558, subd. (c)(2).) Those issues are: "(A) That the peace officer had reasonable cause to believe that the person had been driving a motor vehicle [while under the influence of an intoxicant]. [¶] (B) That the person was placed under arrest. [¶] (C) That the person was driving a motor vehicle when the person had 0.08 percent or more, by weight, of alcohol in his or her blood." (§ 13557, subd. (b)(2).)

Government Code section 11513 applies to administrative hearings conducted under section 13558. (See § 14112.) Government Code section 11513 provides in pertinent part: "(c) The hearing need not be conducted according to technical rules relating to evidence and witnesses, except as hereinafter provided. Any relevant evidence shall be admitted if it is the sort of evidence upon which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of the evidence over objection in civil actions. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions. . . ."

 On appeal plaintiff argues the only evidence in support of an essential finding, i.e., that the peace officer had reasonable cause to believe plaintiff had been driving a vehicle under the influence of an intoxicant, is McCarley's "hearsay statement" in Duke's report to the effect that McCarley observed plaintiff "weaving in a snake like manner across the center line." Noting that hearsay evidence is not in itself sufficient to support a finding under Government Code section 11513, plaintiff contends that since no other evidence was presented on that issue the order of suspension must be annulled.

" 'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated." (Evid. Code, § 1200.) McCarley was not a witness at the administrative hearing and, perforce, his statement concerning plaintiff's erratic driving was extrajudicial. McCarley's statement was relevant to the issue whether Duke had reasonable cause to believe plaintiff had been driving under the influence. To the extent McCarley's statement was received on that issue, it was not hearsay because it was not offered to prove

the truth of the matter stated, to wit, that plaintiff "was weaving in a snake like manner across the center line."[2]

Plaintiff's appellate attack on McCarley's statement focuses exclusively on its admission on the issue whether officer Duke had reasonable cause to believe plaintiff had been driving a motor vehicle under the influence. As we have explained, the McCarley statement is not hearsay as to that issue. The question is not whether plaintiff had in fact been driving under the influence, but whether Duke "had reasonable cause [so] to believe."

■ "Reasonable cause . . . [is] such a state of facts as would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime." (*People v. Ingle* (1960) 53 Cal.2d 407, 412 [2 Cal.Rptr. 14, 348 P.2d 577].) ■ Duke's belief and its objective reasonableness were at issue. Duke's belief was informed by McCarley's statement. A reasonable inference arises from that statement that McCarley personally observed plaintiff driving erratically, suggesting plaintiff was under the influence of an intoxicant. McCarley's statement alone is sufficient to give rise to a "strong suspicion" (*Ingle, supra,* p. 412) that plaintiff was driving under the influence if it was reasonable for Duke to rely upon it.

■ "[T]he average citizen who is thrust into the position of being a victim of or a witness to criminal conduct and who thereafter reports what he saw and heard to the police is generally presumed to be reliable, and thus no special showing of such reliability in the particular case is necessary. *As might be expected, the same may be said of a person who is a law enforcement officer.*" (*Mueller v. Department of Motor Vehicles* (1985) 163 Cal.App.3d 681, 686 [210 Cal.Rptr. 14], quoting 1 La Fave, Search and Seizure (1978) ch. 3, § 3.5(a), pp. 619-620, italics added.)

■ Thus Duke's reliance on officer McCarley's statement was reasonable. McCarley's statement itself constitutes substantial evidence supporting the superior court's finding on independent review of the evidence that Duke had reasonable cause to believe plaintiff was driving a vehicle while under

---

[2]McCarley's statement was also relevant to another of the three issues at the hearing, i.e., whether, as implied in McCarley's statement, plaintiff was in fact driving a motor vehicle when he had a blood-alcohol level of .08 percent or more. As to that issue, McCarley's statement was hearsay and thus insufficient alone to support a finding (Gov. Code, § 11513, subd. (c)). The record does not disclose whether the superior court considered McCarley's statement on that issue, but if it did, McCarley's hearsay statement implying that plaintiff was in fact driving under the influence was corroborated by the testimony of plaintiff and his friends that plaintiff was driving, and by Duke's observation that plaintiff was intoxicated and his blood-alcohol level was substantially above .08 percent as measured by a breath test.

the influence. ■ The arresting officer's reasonable belief is not to be conflated with the actual fact. If the officer's belief is reasonable, it matters not that it turns out to be mistaken. (See *Noia* v. *Cozens* (1973) 34 Cal.App.3d 691, 694 [110 Cal.Rptr. 231].)

■ We conclude there is substantial competent evidence that Duke "had reasonable cause to believe that the [plaintiff] had been driving a motor vehicle [while under the influence of an intoxicant]." (§ 13557, subd. (b)(2)(A).)

Plaintiff's reliance on *Imachi* v. *Department of Motor Vehicles* (1992) 2 Cal.App.4th 809 [3 Cal.Rptr.2d 478] is misplaced. In that case, the issue was whether the licensee was driving with a blood-alcohol level of .08 percent or greater. (§ 13557, subd. (b)(2)(C).) A blood test administered to the licensee so indicated. However, the *only* evidence of the licensee's blood-alcohol level was the arresting officer's statement of the test results which he asserted he had seen and was accurately reporting. (2 Cal.App.4th at p. 816.) *Imachi* is distinguishable in that the officer's statement of the results of the blood test was offered to show the truth of the matter stated, i.e., the blood-alcohol level of the licensee, and was thus hearsay and insufficient alone to support a finding. In contrast, McCarley's observations were received on the issue of the reasonableness of officer Duke's belief and were not hearsay.[3]

The judgment is affirmed.

Sparks, J., and Davis, J., concurred.

---

[3]In light of our conclusion, we need not address plaintiff's contention the hearing officer erred in receiving in evidence McCarley's unsworn report.