Filed 8/19/20  P. v. Lopez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD DAVID LOPEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B299004<br>(Super. Ct. No. 2018026914)<br>(Ventura County) |

Edward David Lopez appeals his conviction, by jury, of driving under the influence of alcohol (DUI) in violation of Vehicle Code section 23152, subdivision (a),[1] driving with a blood alcohol level of .08 percent or more (§ 23152, subd. (b))[2], leaving

---

[1] All further statutory references are to the Vehicle Code unless otherwise noted.

[2] The DUI offenses of which appellant was convicted are lesser included offenses of the charged offenses:  DUI causing injury (§ 23153, subd. (a)) and driving with a .08% blood alcohol causing injury.  (§ 23153, subd. (b).)

the scene of an accident (§ 20001, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)), and driving with a suspended license. (§ 14601.1, subd. (a).) The trial court found appellant had one prior conviction of DUI. It sentenced him to 16 months in any penal institution plus a consecutive 120 days in jail. It also imposed restitution fines totaling $2,100. (Pen. Code, §§ 1202.4, subd. (b), 1202.45.)

Appellant contends his convictions of DUI must be reversed because there is no substantial evidence he operated a vehicle on a public highway and because the trial court failed to instruct the jury on that element of the offenses. He further contends there is no substantial evidence he possessed drug paraphernalia because the police recovered from him only part of a broken methamphetamine pipe. Appellant contends the trial court erred when it found that he had admitted a prior DUI conviction because the trial court did not advise him of his constitutional rights or obtain a personal waiver of those rights. Finally, appellant contends the trial court abused its discretion when it declined to strike restitution fines based on his inability to pay. We reverse the conviction on count 5, possession of drug paraphernalia (Health & Saf. Code, §11364, subd. (a)), for insufficiency of the evidence. We also reverse the prior conviction finding. We remand the matter for resentencing. At resentencing, the trial court shall consider whether to exercise its discretion to reduce or waive the restitution fines. (Pen. Code, § 1202.4, subd. (c); *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).)

## FACTS

Appellant drove a car on the roadway inside a storage facility. Another patron of the storage facility had parked his truck in the roadway and was standing next to it. As appellant drove past, his car hit the man's leg, causing an abrasion. The man yelled at appellant, who stopped his car. When the man reached appellant's car, he noticed an open bottle on the back seat that smelled like vodka. The two exchanged words. Appellant drove away again. The man called 911.

A Ventura police officer found appellant's car in the facility, but appellant was not inside it. An uncapped vodka bottle was found on the back seat of the car. Appellant was eventually found hiding under a trailer. He explained he was hiding because the man he hit had friends who were looking for him. Appellant smelled of alcohol and spoke slowly. His pupils were a little dilated. The stem of a glass methamphetamine pipe was found in his pocket. There was a white residue inside the stem. Officers found a bag containing .29 grams of methamphetamine under the trailer where he had been hiding. The man who called 911 identified appellant as the driver of the car that hit him. A blood test showed that appellant had a blood alcohol content of .137 percent.

## DISCUSSION

Driving on a Private Roadway. Appellant contends his convictions of DUI and driving with a blood alcohol level of .08% (§ 23152, subds. (a), (b)) are not supported by substantial evidence because section 23152 applies only to driving on a public road and he drove on a private road. The argument is without merit.

3

The provisions of the Vehicle Code "refer exclusively to the operation of vehicles upon the highways, unless a different place is specifically referred to." (§ 21001.) Section 23152, which defines the DUI offenses of which appellant was convicted, is part of chapter 12 of the Vehicle Code. Section 23100 defines the application of chapter 12. It states, "The provisions of this chapter apply to vehicles upon the highways *and elsewhere throughout the State* unless expressly provided otherwise." (*Ibid.*, emphasis added.) The phrase "elsewhere throughout the State," is a specific reference to places other than highways, indicating that the provisions of chapter 12 are not limited in their application by section 21001.

As the court explained in *People v. Malvitz* (1992) 11 Cal.App.4th Supp. 9, section 23100 means "that the provisions in chapter 12 apply to vehicles anywhere they can be driven unless the specific provision limits itself to a specific location." (*Malvitz, supra*, at p. 12.) Section 23152 thus "prohibits driving a vehicle while under the influence of alcohol and/or drugs even though the vehicle is driven only in an area not open to the general public." (*Malvitz*, at p. 10.)

Section 23152 is not limited to driving on a public road. There was substantial evidence that appellant violated the statute by driving a vehicle while under the influence of alcohol. There was no error.

Instructional Error. Appellant contends that driving a vehicle on a public highway is an essential element of the offense of DUI and that the trial court erred when it failed to include that essential element in its instructions to the jury. We reject the contention for the reason we have already explained: section 23152 is not limited to driving on a public road.

4

Possession of Drug Paraphernalia. Ventura Police Officer Nicholas Davy testified that, when he arrested appellant, he found "the glass stem of a methamphetamine pipe" on appellant's person. The item was not, Officer Davy testified, a "full meth pipe." Officer Davy explained that, typically, a meth pipe has both a glass stem and "a glass bulb[o]us end" with a hole at the top. The item he recovered from appellant was missing the glass bulbous end and "appeared to be broken." Davy testified there was a white residue inside the stem which he opined was left over from when it was used to smoke methamphetamine.

Appellant was convicted of possessing drug paraphernalia in violation of Health & Safety Code, section 11364. The statute provides, "It is unlawful to possess . . . any device, contrivance, instrument, or paraphernalia used for unlawfully injecting or smoking (1) a controlled substance . . . ." (*Id.*, subd. (a).) Appellant contends his conviction is not supported by substantial evidence because the item found on his person was not paraphernalia within the meaning of the statute. We agree.

"In evaluating a claim regarding the sufficiency of the evidence, we review the record 'in the light most favorable to the judgment below to determine whether it discloses substantial evidence — that is, evidence which is reasonable, credible, and of solid value — such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.]" (*People v. Westerfield* (2019) 6 Cal.5th 632, 713.) We also presume in support of the judgment the existence of every fact the trier of fact could reasonably infer from the evidence. (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

Applying those standards requires us to conclude the conviction is not supported by substantial evidence. A

methamphetamine pipe is drug paraphernalia within the meaning of Health & Safety Code section 11364. But the object appellant possessed was not a pipe. It was a piece of a broken pipe. There was no evidence the broken stem could itself be used to ingest a controlled substance. A reasonable jury could find that appellant possessed part of a broken meth pipe. There is, however, no factual basis supporting an inference that the broken pipe stem could be "used for unlawfully . . . smoking . . . a controlled substance . . . ." (*Id.*, subd. (a).) The broken pipe stem was not drug paraphernalia within the meaning of the statute. As a consequence, appellant's conviction on count 5, for violating Health & Safety Code section 11364, is not supported by substantial evidence and must be reversed.

Admission of Prior Conviction. Appellant contends the trial court did not advise him of his constitutional rights before accepting his admission that he had suffered a prior DUI conviction. The admission was therefore not knowing and intelligent and must be set aside. Respondent contends the record taken as a whole supports a reasonable inference that appellant understood the constitutional rights he was waiving. We are not convinced.

The question of appellant's prior DUI conviction arose three separate times during his brief trial. Before jury selection, the trial court asked appellant's counsel whether appellant wanted a jury trial on the prior conviction allegation. The transcript reflects that appellant and his trial counsel "conferred sotto vo[i]ce." Counsel then stated, "We're prepared to waive jury on the prior." After the trial court was reminded by the prosecutor that a personal waiver would be required, the trial court agreed and indicated it would take the waiver "at the appropriate time."

6

Once the trial ended and the jury began its deliberations, the court again asked defense counsel, "is jury waived on the special allegations assuming we get that far?" Counsel replied, "Your Honor, I believe we did, but we do waive jury." The court replied, "Okay. All right. Excellent." Although appellant was present in the courtroom, the trial court did not address him directly, explain to him what it meant to "waive jury," or obtain a personal waiver from him.

After the jury returned its verdict and had been excused, the trial court again asked, "Oh, the priors? What do we do with the [priors]?" The prosecutor replied, "So I know the defendant waived trial on it." The trial court answered, "Waived jury." It then asked defense counsel, "Do you want to stipulate to the priors? Do you want . . . a bench trial on the priors?" Defense counsel replied, "Mr. Lopez is prepared to admit the priors." The court accepted that representation and concluded, "So the priors are admitted." Again, although appellant was present in the courtroom, the trial court did not explain the waiver to him or address him directly. Appellant did not speak at all.

Appellant did speak, briefly, immediately before the defense rested its case, when the trial court asked whether appellant wanted to exercise his right to testify. It informed him, "[Y]ou understand you have a constitutional right not to testify in this case, but it is your decision as to whether you want to testify or not. Your attorney cannot tell you what to do. He can give you advice on the subject and you can choose to follow his advice or not follow his advice, but the decision is entirely yours. [¶] So knowing that, is it your desire to waive your right to testify and not testify in this case?" Appellant replied, "Yes, it is, your Honor."

7

The parties agree that, before declaring the prior conviction allegation admitted, the trial court did not expressly list the constitutional rights appellant would be waiving by the admission. They also agree appellant did not personally state that he waived trial or admitted the prior conviction allegation.

"[B]efore accepting a criminal defendant's admission of a prior conviction, the trial court must advise the defendant and obtain waivers of (1) the right to a trial to determine the fact of the prior conviction, (2) the right to remain silent, and (3) the right to confront adverse witnesses. [Citation.] Proper advisement and waivers of these rights in the record establish a defendant's voluntary and intelligent admission of the prior conviction. [Citations.]" (*People v. Mosby* (2004) 33 Cal.4th 353, 356 (*Mosby*).) Where, as here, the transcript reveals that the trial court did not advise the defendant of each of these rights or obtain the defendant's personal waiver of them, "the reviewing court must examine the record of 'the entire proceeding' to assess whether the defendant's admission of the prior conviction was intelligent and voluntary in light of the totality of circumstances." (*Id.* at p. 361.)

This totality of the circumstances test "applies in *all* circumstances where the court fails, either partially or completely, to advise and take waivers of the defendant's trial rights before accepting a guilty plea." (*People v. Farwell* (2018) 5 Cal.5th 295, 303 (*Farwell*).) However, as the court explained in *Farwell*, "It bears emphasis that silent record cases will face their own practical hurdle. The failure to advise a defendant of *any* trial rights will make it much harder to demonstrate a plea was properly accepted. Under [*People v.*] *Howard* [(1992) 1 Cal.4th 1132, (*Howard*),] the record must '*affirmatively show*[ ]' that the

8

defendant's waiver of constitutional rights was voluntary and intelligent. [Citation.]" (*Id.* at p. 306.)

Respondent urges us to infer appellant made a knowing and intelligent waiver based on the following: appellant's jury trial on the substantive offenses had just concluded; he was advised of his right to testify about the substantive offenses and personally waived it; appellant was present when his counsel waived jury trial on the prior conviction allegation; the record reflects counsel conferred with appellant before waiving jury trial; and appellant had prior convictions, so he had some knowledge of his right to trial and understood the terms "verdict," and "conviction." These facts establish that appellant was familiar with jury trials on substantive offenses. They do not establish that he knew his right to trial extended separately to the prior conviction allegation. The trial court never advised appellant of that fact. In addition, appellant never personally uttered a single word indicating he understood and agreed with counsel's waiver of his trial rights or his admission of the prior conviction. Under these circumstances, we cannot say the record "affirmatively shows that defendant's admission of the prior conviction constituted a knowing and voluntary waiver of his constitutional rights." (*Howard, supra*, 1 Cal.4th at p. 1179.)

Respondent's reliance on *Mosby, supra*, 33 Cal.4th 353, is misplaced. In *Mosby,* the trial court asked the defendant directly if he understood that admitting the prior conviction allegation would make him ineligible for probation, that he had a right to a jury trial on the allegation and that he had a right to a court trial on the allegation. The defendant personally stated he understood each of those rights and waived trial on the allegation. He then personally admitted the prior conviction. (*Id.* at pp. 357-359.)

Here, by contrast, the trial court never asked appellant directly if he understood any of his trial rights, whether he agreed with counsel's waiver of trial, or whether he personally admitted the prior conviction. Unlike the defendant in *Mosby,* appellant never personally waived any right or made any admission. We cannot infer a knowing and intelligent waiver from the silence of both the trial court and appellant.

The failure to advise appellant of any trial rights requires reversal of the prior conviction finding. (*Farwell*, *supra*, 5 Cal.5th at p. 308; *People v. Cross* (2015) 61 Cal.4th 164, 180.) However, "when reversible error occurs during the sentencing phase of a criminal proceeding, reversing the judgment as to the sentence only is generally appropriate." (*People v. Lightsey* (2012) 54 Cal.4th 668, 703; see also *People v. Monge* (1997) 16 Cal.4th 826 [state and federal double jeopardy protections do not bar retrial of prior conviction allegation in noncapital case].) We therefore vacate the sentence, and remand for retrial of the prior conviction allegation and for resentencing. (*People v. Fielder* (2004) 114 Cal.App.4th 1221, 1234.)

Restitution. At sentencing, defense counsel asked the trial court to waive all fines and fees based on appellant's inability to pay. The trial court waived the Criminal Justice Administrative fee of $543.48 and the presentence investigation fee of $2000. It declined to impose any victim restitution because the victim had testified he suffered no monetary damages. But the trial court declined to waive the restitution fine (Pen. Code, § 1202.4) or the parole revocation restitution fine (Pen. Code, §1202.45). Both appellant's trial counsel and the court stated they were unsure whether the court had authority to waive those fines. The trial court imposed two $1050 restitution fines and told appellant's

trial counsel, "if you come up with something for me to consider, I'll reconsider."

Appellant contends the trial court abused its discretion when it declined to strike the restitution fines. *Dueñas*, *supra,* 30 Cal.App.5th at p. 1169, explains its constitutional and statutory authority to do so. Respondent contends imposition of the restitution fine was not unconstitutional but agrees the case should be remanded to permit the trial court to exercise its discretion to retain the fines or reduce them based on appellant's inability to pay. We agree.

Penal Code section 1202.4, subdivision (b) provides, "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record." The amount of the fine is set "at the discretion of the court," but where, as here, the defendant is convicted of a felony, "the fine shall be not less than three hundred dollars ($300) . . . ." (*Id.*, subd. (b)(1).) Inability to pay may be considered by the trial court in determining whether to impose a fine greater than the statutory minimum. (*Id.*, subd. (c).) Penal Code section 1202.45 requires the trial court to impose and stay a parole revocation restitution fine in the same amount as that imposed under section 1202.4. (§1202.45, subd. (a).)

The trial court failed to exercise its statutory authority to reduce the restitution fines based on appellant's indigency. We remand the matter to permit the trial court to exercise its discretion in this regard.

## DISPOSITION

The judgment on count 5, possession of drug paraphernalia in violation of Health & Safety Code section 11364, subdivision

11

(a), is reversed for insufficiency of the evidence. The true finding on the prior conviction allegation is also reversed. The matter is remanded to the trial court for retrial on that allegation and for resentencing. At the resentencing hearing, the trial court shall consider whether to reduce or waive the restitution fines imposed. After resentencing, the trial court shall prepare an amended abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

12

Ben Coats, Judge

Superior Court County of Ventura

_____


Laurie A. Thrower, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Chung L. Mar, Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.